BENJAMIN F. PITMAN, APPELLANT, v. WILLIAM MANN,
APPELLEE.

FILED MARCH 2, 1904.    No. 13,439.

Mortgage Foreclosure: HOMESTEAD: FRAUD. One of the most salu-
tary rules of the law is that one shall not profit by his own
wrong. A man who has fraudulently executed and put in cur-
rency a mortgage upon his homestead, without procuring his
wife to join therein, can not, in an action to foreclose the in-
strument, after her death, gain any advantage by his own wrong,
unless he can make it appear that such advantage will accrue,
at least in part, to some one, other than himself, belonging to
some of the classes of persons sought to be protected by the
homestead act.

APPEAL from the district court for Dawes county: WIL-
LIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*Albert W. Crites,* for appellant.

*Michael F. Harrington, contra.*

AMES, C.

William Mann was born in Great Britain a subject of
the English crown, as was also a woman who afterwards
became his wife, and with whom, for a time, he cohabited
as such in that country. There are two sons, fruit of the
marriage. In 1876, both the sons had arrived at maturity

and had gone forth from the parental home seeking their own maintenance. In that year, Mann and his wife separated, and he came to the United States. She remained in England, and they have not since been reunited. Shortly after coming here, he entered a tract of government land lying in Dawson county, in this state, as a homestead, and subsequently, upon making final proof, described himself as a widower having two sons then living, and procured a patent of the land. The sons also came to this country, but have neither of them ever resided upon the premises. One of them, unmarried, entered a tract of land as his own homestead, and obtained a patent of it upon final proof. The other, who is married, has lived apart except that, together with his wife, he at one time made his father a visit of a few weeks' duration. Mann, after procuring his patent, obtained a loan of money, and executed a mortgage upon the land as security for the payment of a negotiable note. In his application for the loan, and in the mortgage, he described himself as a widower. The note came into the hands of the plaintiff as a *bona fide* holder, for value, before maturity. After the death of the wife, this action was begun to foreclose, and resulted in a judgment for the defendant, because of the fact that the instrument lacks the wife's signature. Whether the mortgage is void for that reason is the only question in this case. If so, the defendant is the only person who will profit by that fact. We think that under circumstances like the foregoing he is estopped to assert it. The statute avoiding a conveyance or incumbrance of the homestead of a married person, without the signature of both husband and wife, was enacted with the evident purpose of protecting both of the parties to the marriage, and those persons composing their families and dependent upon them. During the lifetime of any of such persons it may be that a husband or wife, who alone has executed such an instrument, may successfully defend against it without the concurrence of his or her consort or the dependents of either; and it may even be that such a defense would be entertained if made by a

sole survivor of the family, who had executed the instru-
ment without fraud or concealment with respect to the
homestead character of the lands, but neither of these
questions is involved in this inquiry, or intended to be
decided.

One of the most salutary rules of the law is that one
shall not profit by his own wrong. If a man who has
fraudulently executed and put in currency a mortgage
upon his homestead, without procuring his wife to join in
its execution, can, in an action to foreclose the instru-
ment, gain advantage by his own fraud, it must be because
such advantage will accrue, at least in part, to some one,
other than himself, belonging to some of the classes of per-
sons sought to be protected by the homestead act. Coun-
sel have cited us no authority exactly in point, and we
have been unable to find any, perhaps, because the cir-
cumstances of the case are in some respects singular. The
opinion of the supreme court of Kansas in *Adams v. Gil-
bert,* 67 Kan. 273, appears to us, however, to rest upon
very similar, if not identical principles, and it arrives at
practically the same conclusion. In that case a deed of
the homestead made by the husband, and void because of
the nonjoinder of his wife, was upheld because, after her
death, his conduct was such as to raise an equitable estop-
pel in favor of a mesne grantee. We think an estoppel
arising before her death will attach with equal force after
her decease.

It is recommended that the judgment of the district
court be reversed and the cause remanded, with instruc-
tions to enter a decree as prayed in the petition.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, it is ordered that the judgment of the district
court be reversed and the cause remanded, with instruc-
tions to enter a decree as prayed in the petition.

JUDGMENT ACCORDINGLY,