ALICE E. JOHNSON v. TREADWELL TWICHELL.

Opinion filed November 1, 1904.

**Sheriff's Sale of Homestead — Liability to Owner.**

> 1. The sale by a sheriff, under execution, of real estate which is exempt as a homestead, conveys no estate or title to the purchaser, and the officer making such sale is not liable to the owner in an action for damages, except, perhaps, for costs incurred in removing an apparent cloud upon the title.

Appeal from District Court, Cass county; *Charles A. Pollock,* Judge.

Action by Alice E. Johnson against Treadwell Twichell. Judgment for plaintiff, and defendant appeals.

Reversed.

*D. R. Pierce* and *Ball, Watson & McClay,* for appellant.

The property involved, when sold under the Pierce judgment, either was or was not respondent's homestead. If the latter, it was rightfully seized and sold in satisfaction of the judgment, if the former it seems equally clear that its sale under execution carried no title to the purchaser.

The homestead is exempt from forced sale to satisfy claims like those merged in the Pierce judgment. Const. North Dakota, section 208; sections 3605, 5517, 5490, Rev. Codes 1899.

The pretended sale, if land was homestead, conferred no title and this action was not maintainable. Kendall v. Clark, 10 Cal. 17, 70 Am. Dec. 691; Speller v. Lee, 43 Ala. 381; Harmon et al. v. State, 82 Ind. 197.

As to legal effect of statutes exempting property from forced sale, see Ketchin v. McCarley, 11 S. E. 1090; Roth v. Insley, 24 Pac. 853; Waggle v. Warthy, 74 Cal. 266, 15 Pac. 831; Ray v. Yarnell, 20 N. E. 705; Phillips v. Taber 10 S. E. 270; Trameek v. Martin, 14 S. W. 564.

*Taylor Crum,* for respondent.

While a void sale of homestead passes no title, it casts a cloud upon the title that necessitates a removal. Proceedings to remove a cloud can only be brought by one in possession of the property. N. P. Ry. Co. v. Paine, 119 U. S. 561, 30 L. Ed. 513; Lee v. Simpson, 2 L. R. A. 660.

Party out of possession must pursue remedy at law, i. e. restitution or damages against officer. Krippendorf v. Hyde, 110 U. S. 276, 28 L. Ed. 145; Corvell v. Hayman, 111 U. S. 176; 28 L. Ed. 390.

If sheriff is liable for sale of exempt personalty, why not for homestead after notice? Northrop v. Cross, 2 N. D. 433, 51 N. W. 718.

An action for trespass will lie against an officer and judgment creditor for sale of exempt homestead. Waples on Homestead and Exemptions, 756.

If the law requires the sheriff to sell off the homestead, he can not disregard it with impunity, and save the title from nullity and himself from damages. Waples on Homesteads and Exemptions, 731.

YOUNG, C. J.. The plaintiff brought this action against the defendant as sheriff of Cass county to recover damages alleged to have been sustained by her because of the sale by the latter under execution of certain real estate in the city of Fargo which she claims was her homestead, and therefore exempt. The plaintiff alleged in her complaint that on May 16, 1901, a judgment was entered against her in the district court of Cass county for $371.18 in favor of one D. R. Pierce, and on the same day an execution was issued, and levied by the defendant upon the property in question; that the same was sold on July 6, 1901, and was bid in by the judgment creditor; that said real estate was her homestead; that she had theretofore filed her homestead declaration for record in the office of the register of deeds, and served notice of her homestead interest upon the defendant at the time of the levy; that "by reason of the premises plaintiff has sustained damages in the full sum of $371.18, for which sum she asks judgment, with interest at the rate of 7 per cent from and since the 16th day of May, 1901, together with the costs and disbursments." The defendant's answer denied that the property was a homestead, and also denied that the plaintiff had sustained damages in any sum whatsoever on account of his official acts complained of in the complaint. Defendant objected to the introduction of any evidence on the part of the plaintiff for the alleged reason "that the complaint does not state facts sufficient to constitute any cause of action against the defendant, and that no facts are set forth showing any damages or any grounds for liability upon the part of the defendant." Before this objection was ruled upon, and over defendant's objection,

plaintiff was permitted to amend her complaint, and allege "that on or about the 1st day of August, 1901 [which was after the execution sale], plaintiff entered into a contract of sale of said premises to one C. H. Sheils; * * * that before the date of redemption expired said Sheils paid and satisfied said judgment; * * * that as part of the contract of sale with said Sheils said judgment must be satisfied before he paid the full purchase price thereof; that said judgment of said Pierce was an apparent lien and cloud on plaintiff's title, and her financial condition was such that she could not clear said title." The previous objection to the introduction of evidence was renewed and overruled. At the close of the case defendant moved for a directed verdict in his favor "for the reason that upon the whole evidence" the jury would not be "warranted or justified in returning any verdict whatever in favor of the plaintiff," and also for the reason that it appeared from the undisputed testimony that the plaintiff had abandoned any homestead right which she may have had. This motion was denied, and the jury returned a verdict for the full amount claimed. Defendant moved for judgment notwithstanding the verdict, or for a new trial. This motion was also denied, and the defendant appeals from the order denying the same.

Counsel for defendant contend upon this appeal that the order should be reversed, and judgment ordered for defendant, and in support of this contention advance two reasons, either of which sustained, would require a reversal of the order. The first is that it appears from the undisputed testimony that prior to the sale the plaintiff had abandoned any homestead right which she may have had in the premises. It is patent that, if this contention is correct in point of fact, plaintiff is entitled to no damages, for in that event the sale was rightful. The second is that even if the homestead right existed when the defendant sold the property, nevertheless the complaint does not a state cause of action, in this: that it does not allege any facts which create a liability on the part of the defendant for making the sale. The basis of this last contention is that the execution sale of the homestead, if it was a homestead, conveyed nothing, and therefore the plaintiff was not damaged by the sale. Inasmuch as we fully agree with this contention, we need not consider whether the homestead was or was not abandoned, and may assume for the purpose of this case that the homestead right existed at the time of the sale. In this state

the homestead defined by law is, with certain exceptions which have no application here, "exempt from judgment lien and from execution or forced sale." Section 3605, Rev. Codes 1899. And it "is absolutely exempt from all such process, levy or sale. Subdivision 7, section 5517, Rev. Codes 1899. It is therefore clear—and this is well settled—that the sale of a homestead under execution is void, and conveys no estate or title to the purchaser. Freeman on Executions, vol. 2, section 215; Thompson on Homesteads and Exemptions, section 625, and cases cited. Also Blue v. Blue, 38 Ill. 9, 87 Am. Dec. 267, and cases cited in note at page 273, 87 Am. Dec. It is true an officer is liable where he denies the exemption to which a defendant is by law entitled, but his liability is only for the loss occasioned by his default or wrongful act. In case of the seizure and sale of personal property the measure of damages is ordinarily the value of the property of which the party has been wrongly deprived, but "in the case of a homestead, however, the rule is different. Such a sale is void, and the pretended purchaser gets no title. The defendant's damages, if any, cannot exceed the costs and damages which he may sustain by reason of the officer's neglect to lay off to him his homestead." Mechem on Public Officers, section 774. The text just quoted is supported by Kendell v. Clark, 10 Cal. 17, 70 Am. Dec. 691. In that case the plaintiff sued a sheriff for $2,000 damages for selling his homestead under execution, and recovered judgment. This was reversed. The court said: "From the complaint itself it is clear that no damage has or can result from such a sale. If the property sold was a homestead, the sheriff's deed conveyed nothing. The purchaser at such sale could acquire no right to the property and the plaintiff suffer no injury." McCracken v. Adler, 98 N. C. 400, 4 S. E. 138, 2 Am. St. Rep. 340, is to the same effect. Assuming, then, that the property in question in this case was a homestead, and the sale was for this reason wrongful, the sale being void, no injury or loss can be predicated upon it. The plaintiff does not, in her complaint, attempt to charge the defendant for expenses incurred in removing a cloud from her title. In fact, no such action was instituted. What she does ask is to recover the amount of the Pierce judgment, which Sheils, her vendee, held out of the purchase price. It is evident that she has made the wrong party defendant. Her remedy, if any she has—that is, if the payment of the judgment by Sheils was unauthorized either in law or in fact—is against him for the balance of the purchase

price, and is not against this defendant. Neither the original nor amended complaint stated a cause of action, and the defendant's objection to the introduction of evidence should have been sustained, and the motion for judgment notwithstanding the verdict should have been granted.

The order appealed from will be reversed, and the district court is directed to enter judgment for defendant. All concur.