GEORGE W. FERRIS AND JEMIMA FERRIS, PLAINTIFFS AND RESPOND-
ENTS, v. ANTON JENSEN, DEFENDANT AND APPELLANT, AND
WELLS & DICKEY COMPANY, A CORPORATION, AND H. N. TUCKER
COMPANY, A CORPORATION.

Opinion filed Dec. 20, 1907.

**Vendor and Purchaser — Equitable Mortgage — Accounting.**

1. Plaintiffs, who are husband and wife, brought this action,
claiming an equitable estate in certain real property under a contract
for the purchase thereof entered into by the husband with one of the
defendants, and also claiming a homestead right in 160 acres of the
land, and prayed judgment giving them a right to redeem upon pay-
ing the amount due under the contract and certain other sums as
security, for the payment of which the husband had assigned to one
of the defendants the contract aforesaid. Evidence examined, and
*held,* for reasons stated in the opinion, that the relief prayed for must
be denied.

**Homestead — Abandonment — Non-joinder of Wife in Assignment of
Contract.**

2. Plaintiffs occupied the land, and farmed the same for several
years, but failed to comply with the contract in any material respect,
and, having become helplessly in debt and unable to perform his part
of the contract, the husband early in 1903 without his wife joining with
him, negotiated a sale of his equity therein to defendant Jensen, and
sold and disposed of all his personal property, and shortly there-
after yielded possession of the premises to Jensen, both plaintiffs
voluntarily removing from the land. *Held,* following the rule an-
nounced in Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245, that
such facts constituted an abandonment of the contract and of their
homestead rights in the land.

**Same — Forfeiture of Contract Extinguishes Homestead Right.**

3. A wife's homestead rights in land of which her husband has
merely an equitable title under an executory contract for the purchase
thereof are no greater than, and are dependent upon, the rights of her
husband under the contract. If the husband's equitable estate becomes
forfeited or otherwise extinguished, the homestead right is also ex-
tinguished.

**Account — Right of Action.**

4. The trial court denied the relief asked for, but took an account
between plaintiff, Geo. W. Ferris, and defendant, Jensen, and ren-
dered a money judgment against said defendant and in said plaintiff's
favor, basing such action upon the theory of a sale to said defendant
of such equitable estate. Whether an accounting was proper under
the issues is not determined; the evidence showing that no cause of
action was proved, even under such theory.

Appeal from District Court, Foster county; *Burke, J.*

Action by George W. Ferris and Jemima Ferris against Anton Jensen. Judgment for plaintiffs, and defendant appeals.

Reversed.

*W. O. Lowden* and *S. E. Ellsworth,* for appellant.
*Parks & Olsberg,* for respondents.

Fisk, J. This action is here for trial de novo of all the issues. The complaint substantially alleges: (1) That plaintiffs are husband and wife. (2) That on or about April 1, 1900, the plaintiff Geo. W. Ferris entered into a contract in writing with the defendant, Wells & Dickey Co., whereby said plaintiff agreed to purchase from said company, and the latter agreed to sell to him the real property in controversy, consisting of the S. $\frac{1}{2}$ of section 33, township 147, range 62, for the consideration of $2,080, with interest at the rate of 8 per cent per annum, payable annually. Said purchase price was agreed to be paid by delivering to the vendor one-half of the crops raised on said land each year until fully paid, the plaintiff agreeing to crop certain portions of the land each season, and also to pay the taxes thereon for each year, including those for 1900. (3) Plaintiffs entered into possession of said land under such contract in April, 1900, and established their home upon the S. E. $\frac{1}{4}$, where they resided continuously until about September 1, 1903, making certain improvements thereon, and also upon the other quarter. (4) That in the month of October, 1902, Geo. W. Ferris, without the knowledge or consent of his wife, assigned said contract to H. N. Tucker Company as security for the payment of $1,800, and that in November following the H. N. Tucker Company assigned said contract, together with the indebtedness secured thereby, to defendant Jensen. (5) Thereafter the Wells-Dickey Company executed and delivered to defendant Jensen a deed to the land aforesaid upon his paying to it the amount due under its said contract. (6) Then follows an allegation that defendant Jensen never demanded of plaintiff the payment of any sum under the contract, and that he refuses to allow plaintiff to redeem by paying the sum due thereunder or secured thereby, and claims to be the absolute owner of said property, and has kept the said premises and the rents and profits thereof since the commencement of the year 1903. (7) That plaintiff Jemima Ferris has

never assigned her homestead right in said land, and has never abandoned the same. (8) That plaintiff Ferris has never assigned or conveyed his interest in said land, other than his assignment of the contract to H. N. Tucker Company as security aforesaid, and that he never has abandoned his homestead interest therein; that he is and always has been ready and willing to pay to H. N. Tucker Company or its assigns the said sum of $1,800 and interest, and to perform the terms of the contract entered into by him with the Wells-Dickey Company to be performed on his part, and that defendant Jensen refuses to permit him to do so.

The prayer for relief is: (1) That the deed from Wells & Dickey Co., to defendant Jensen be vacated and canceled of record. (2) That plaintiff Geo. W. Ferris be permitted to redeem by paying the amount secured by his assignment of said contract, to wit, $1,800 and interest, and that he be restored to all his right, title and interest in the premises under his said contract with Wells-Dickey Company, and that plaintiffs be restored to their homestead rights therein. (3) That the court determine the amount due under said contract, and that plaintiffs be given a reasonable time in which to make payment thereof, and upon such payment the defendant Wells-Dickey Company be required to convey said property to plaintiffs; also for general relief.

Defendant Jensen answered separately, admitting the contract for the purchase of the land by Ferris from Wells-Dickey Company and that plaintiffs took possession of the land thereunder, and built a house thereon; but denies that plaintiffs have in any manner fulfilled the covenants therein to be performed by the plaintiff Geo. W. Ferris. He admits the assignments of the contract by Geo. W. Ferris to the Tucker Company and by the latter to himself, but alleges that the same were made with the knowledge and consent of Jemima Ferris; that the first-mentioned assignment was made to secure the sum of $2,300, instead of $1,800, as alleged in the complaint, and also that at the time the Tucker Company assigned the same to defendant it was agreed between him and the plaintiffs that such assignment should be held by defendant as security, not only for said sum of $2,300, but also for the further sum of $411.65, then owing by Geo. W. Ferris to defendant. Then follows an allegation that in January, 1903, plaintiff Geo. W. Ferris sold said land to defendant for the agreed consideration of $4,500

and defendant, at said plaintiff's request, paid certain claims owing by him to various creditors, aggregating $858.89, and also paid the balance due the Wells-Dickey Company under his contract with them, amounting to $2,910, and, after deducting the $4,500, agreed upon as the purchase price of said land from the total amount of such payments, including the sum due to defendant, there was an agreed balance still owing by said plaintiff to defendant of $1,506, for which security on personal property was then given; that soon after the sale of said land to defendant, and on April 13, 1903, plaintiffs, in order to vacate and surrender possession thereof to defendant, had an auction sale of their personal property, and from and after that date and until their removal from said premises in August, 1903, they were mere tenants thereon of defendant; that in August plaintiffs voluntarily removed from said land, and established their home elsewhere, and have voluntarily waived and abandoned all claims thereto. Defendant admits that on January 27, 1903, he secured a deed to the premises from the Wells-Dickey Company, but alleges that the amount due said company and which was paid by him was $2,910. He also denies that plaintiffs or either of them have any interest in said land, and denies generally all other allegations of the complaint not therein admitted. It is unnecessary to notice the answers of the other defendants as the action as to them was dismissed.

The issues thus framed were tried to the court without a jury, and the trial court made its findings of fact and conclusions of law, and rendered judgment in plaintiff's favor and against defendant Jensen for the sum of $1,876.25, damages and interest thereon in the sum of $328.34; also for $34.80 costs and disbursements, making a total sum of $2,239.39. The trial court found the main facts substantially as contended for by the defendant, except as follows: It found that the consideration agreed upon for the sale of the land to defendant was $5,500 instead of $4,500, the amount claimed by defendant. It also found that the total sum due the Wells-Dickey Company under its contract with Ferris for the sale of said land and the amount paid by defendant to said company was $2,744.06, instead of $2,910; further, that the total sum owing by Ferris to defendant on January 2, 1903, including claims of H. N. Tucker Company and assigned to him, was $2,480.69. It further found that there was paid to and retained by defendant the proceeds of the auction sale of the personal property aggregating in

amount the sum of $1,601.01, and, by striking a balance of account between the parties on the basis of the amounts of the debits and credits aforesaid, the sum of $1,876.25 was arrived at. It will be observed by reading the complaint that the action was not brought for an accounting upon the theory of a sale of the land to defendant and a refusal on his part to pay or account for the purchase price thereof, and for the proceeds of the sale of the personal property, after deducting credits for indebtedness due defendant, nor was the same tried upon such theory. The plaintiffs contended, both in their pleading and testimony, that they never sold or abandoned their interest in the land, acquired under the contract with the Wells-Dickey Company. In view of the evidence, however, the trial court evidently considered it proper to grant relief to plaintiff in the form of a money judgment, as was done. We are not required to decide in this case whether under the pleadings and facts as found this practice was permissible, and we therefore express no opinion thereon. After a careful consideration of the testimony, we are of the opinion that plaintiffs' recovery cannot be sustained in whole or in part under any theory, and that appellant is entitled to a judgment dismissing the action. In giving our reasons for so holding we shall not attempt a complete analysis of the testimony as the same is very voluminous, occupying, as it does, nearly 300 printed pages of the abstract.

As we view the evidence, we have no hesitancy in finding that plaintiffs have become entirely divested of any and all right which they may have acquired in this property under the contract with the Wells-Dickey Company. The proof is clear and convincing that nothing was ever paid by plaintiffs toward the purchase price of said land, nor had plaintiffs complied therewith in any material respect, and while such defaults had not been taken advantage of by the Wells-Dickey Company, it is apparent that plaintiffs' rights under the contract were subject to forfeiture on account of such defaults at any time upon reasonable notice. It is also equally apparent from the testimony that plaintiff Geo. W. Ferris was hopelessly in debt and unable to carry out the provisions of the contract. Evidently realizing this fact in the early part of 1903, he concluded to sell his equity in the land, and also his personal property to satisfy such indebtedness, and to leave the country and abandon such contract, and pursuant to such intention he entered into negotiations with defendant, which culminated in a sale of his equity in the

land to defendant in March of that year. His personal property on said farm was incumbered to a large extent, and he arranged with defendant and other mortgagees thereof to sell the same at public auction, and apply the proceeds upon the indebtedness secured by the mortgages. This sale was held on April 13th, but only a portion of the chattels were sold, and, while there is some conflict as to the amount of the proceeds thereof turned over to defendant, we think the evidence warrants us in finding that the same was only $409.20. It appears that thereafter, and on April 21st, the parties Geo. W. Ferris and defendant had an accounting and settlement of all matters between them, and it was found that the total indebtedness due from plaintiff to defendant, including the amount paid Wells-Dickey Company under the said contract, the amount of certain notes of plaintiff which defendant paid at plaintiff's request, and the amount of the claims assigned to defendant by H. N. Tucker Company, aggregated the sum of $6,415.85, and, after crediting plaintiff with the purchase price of the land and the proceeds of the auction sale received by defendant, there remained an agreed balance of $1,506.65 still due defendant, and the said plaintiff at that time gave to defendant a bill of sale of the remaining chattels, with the agreement that defendant should convert the same into cash, and apply the proceeds upon such balance. It also appears that thereafter defendant disposed of said property, and received and applied the proceeds, consisting of $1,383, accordingly, leaving plaintiff still indebted to defendant. The proof also shows that defendant took possession of and cropped said land in the spring of 1903 with the knowledge, and tacit, if not the express, consent of plaintiffs, and it also appears that in the latter part of August or early in September following the plaintiffs voluntarily removed from said land, and have resided elsewhere ever since. It is true the plaintiff Jemima Ferris had a homestead right in said land to the extent of 160 acres, which had never been selected by either party as their homestead, and she did not join with her husband in the sale thereof to defendant, nor expressely consent thereto, but this homestead right, as was held by this court in Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245, was no greater than her husband's right under the contract. The existence of such homestead right was entirely dependant upon her husband's equitable title under said contract. Like a stream it could rise no higher than its source. The homestead

right ceased with the extinguishment of her husband's equitable estate in the land, and such equitable estate was extinguished by abandonment of the contract. Furthermore, we must hold under the evidence that both plaintiffs voluntarily abandoned their homestead rights when they removed from the land. The case at bar is very similar to the case of Helgebye v. Dammen, supra, upon the question of abandonment; and it is unnecessary to restate the rule there announced, or to cite the numerous authorities therein cited. Suffice it to say that after a careful consideration of the evidence, and in the light of the rules announced by this court in Helgebye v. Dammen, we feel constrained to hold that no cause of action was proved by either plaintiff upon the theory on which the action was brought, or upon the theory of an accounting adopted by the trial court, based upon the sale to defendant of the equity of plaintiff Geo. W. Ferris in the land.

Conceding, for the purposes of this case, that an accounting was permissible under the issues, we are unable to agree with the findings and conclusions of the trial court as the result of such accounting, and our reasons, briefly stated, are as follows: We think the purchase price agreed upon for plaintiffs' equity in the land was $4,500, instead of $5,500, as found by the trial court. There is no evidence in support of such findings. It will be observed that plaintiffs positively denied in their complaint that a sale was made at any price, and Geo. W. Ferris as positively denied the same in his testimony. That a sale was made is perfectly apparent, not alone from the defendant's testimony, which is corroborated by several disinterested witnesses, who swore to admissions made by Ferris to such effect; but the conduct of the latter in disposing of his seed grain, horses, agricultural implements and machinery, and voluntarily yielding possession of the land to defendant shortly thereafter, tends strongly to corroborate such fact. The only direct testimony as to the purchase price agreed upon is that of defendant, who swore that is was $4,500. That defendant refused to pay $5,500 is shown by the evidence of Ferris himself, who testified that he offered to sell at that price, but defendant declined such offer, and made a counter proposition to pay $4,500. We have searched the record carefully, and are unable to find even a scintilla of evidence to support the finding that defendant agreed to pay $5,500, or any sum other than $4,500.

Upon the question as to the credits to which plaintiff is entitled as proceeds of the auction sale of personal property, we think the preponderance of the testimony shows that defendant received but $92.70 cash and $316.50 in notes. These items, together with the price to be paid for plaintiffs' equity in the land, make a total credit of $4,909.20 due Ferris after the auction sale held on April 13th. It appears beyond dispute that on April 21st the parties had a full and complete accounting and settlement of their differences, and an agreed balance of about $1,506 was found to be due defendant. At that time Ferris was indebted to defendant as follows: Amount paid by defendant to Wells-Dickey Company under land contract, including taxes and liens on property, $2,910; amount due on the note of $2,857.51, given by Ferris to defendant on January 1, 1903, and sums paid by defendant to various persons at plaintiff's request on notes outstanding against him. These debits in the aggregate amounted to $6,415.85, and, after deducting plaintiff's said credit of $4,909.20, a balance is left of $1,506.65. These items are positively sworn to by the defendant, and the fact that such accounting and settlement took place and such balance was agreed to is fully corroborated by the witness Lowden, as well as by the plaintiff's act in executing and delivering to defendant on that day a bill of sale of all the remainder of the personal property as security. The consideration mentioned in this bill of sale was $1,500; and it was agreed that the property included therein should be sold by Jensen, and the proceeds applied on such balance. It appears that defendant pursuant thereto disposed of these chattels, receiving therefor but $1,383, thus leaving a small balance in defendant's favor.

We are therefore firmly convinced from the testimony that the finding of the trial court of a balance in plaintiffs' favor of $1,876.25 is without support in the evidence, and also that, conceding plaintiffs' right to an accounting in this action, they have failed to show any balance due them or either of them.

For the foregoing reasons, the judgment is reversed, and the district court is directed to dismiss the action; appellant to recover his costs on this appeal. All concur.