LOUISA JUSTICE v. WILLIAM T. SOUDER.

Opinion filed March 3, 1910.
Rehearing denied April 13, 1910.

### Homestead — Actions — Limitations.

1. On January 25, 1904, one J., a married person, for the purpose of securing a loan of $800, executed and delivered to D. a mortgage on his homestead fraudulently representing that his wife's signature thereto was genuine, when, in fact, it was a forgery. J.'s wife deserted and abandoned him in September, 1903, removing to the state of Washington where at the date such mortgage was executed by J., she was living with another man as his assumed wife.

In December, 1904, J. abandoned such homestead, and has never resumed his residence thereon. ·On April 20, 1905, respondent obtained a divorce from J. in the state of Washington and also a judgment for alimony, suit money and attorney's fees, and in October, 1906, ·commenced an action against J. in the district court of Eddy county upon such foreign judgment, attaching the premises in question and obtaining a judgment in such action in December 1906 for the sum of $903.74.

Appellant, assignee of the mortgage, duly foreclosed the same in December, 1905, and on December 31, 1906, obtained a sheriff's deed of the premises pursuant to such foreclosure proceedings. The present action was commenced on December 29 1906, the object of which being to have such mortgage, the foreclosure proceedings thereunder, and such sheriff's deed canceled as null and void, and to obtain an adjudication to the effect that appellant, the purchaser at such foreclosure sale, has no interest in or incumbrance upon the premises in question. *Held,* for reasons stated in the opinion, • that the relief awarded respondent is unwarranted under the facts.

**Homestead — Actions — Limitations.**

2. Respondent is before the court, not as a claimant of homestead rights in such premises, but merely in the capacity of an attaching creditor, and as such she acquired, through her attachment proceedings, no greater rights in the premises than J., the judgment debtor, had at the date of the levy of the attachment.

**Homestead — Actions — Limitations.**

3. By operation of section 5054, Rev. Codes 1905, all remedies possessed by J. against such mortgage became barred on January 1, 1906, and as a necessary result the mortgage and the foreclosure proceedings thereunder becoming, after January 1, 1906, unassailable by J., appellant acquired, by lapse of time, a perfect title to the premises as against him, and those claiming under him, and plaintiff's action should be dismissed.

Appeal from District Court, Eddy County; *Burke, J*

Action by Louisa Justice against William T. Souder. Judgment for plaintiff, and defendant appeals.

Reversed and dismissed.

*Maddux & Rinker* and *A. B. Darelius* (*F. N. Hendrix* of Counsel), for Appellant.

*Turner, Wright & Lewis,* for Respondent.

Fisk, J. This is an appeal from the district court of Eddy county, and a review of the entire case is requested in this court. The facts are not in dispute, and, as stated in appellant's brief, are as follows:

"On the 18th day of January, 1904, George W. Justice, then the husband of plaintiff, received his final receiver's receipt of the southeast quarter (S. E. ¼) of section ten (10), township one hundred forty-eight (148) north, range sixty-three (63) west, in the county of Eddy and state of North Dakota, having made his final proof under the homestead laws of the United States, and obtained

his patent December 31, 1904. On the 25th day of January, 1904, Alice M. Dibble, of Wyoming county, New York, loaned to George W. Justice $800 payable on the 1st day of November, 1909, and to secure the payment of this loan he executed and delivered to Alice M. Dibble a mortgage on these premises, which mortgage was dated on the 18th day of January, 1904, acknowledged on the 25th day of January, 1904, and recorded in the office of the register of deeds of Eddy county, North Dakota, on the 10th day of February, 1904. This mortgage purports to be executed by George W. Justice and Louisa Justice, his wife, the plaintiff in this action, but in fact was not signed by her. Her signature to the mortgage is a forgery. She was, at the time it was executed, in the state of Washington. The trial court found that George W. Justice, at the delivery of this mortgage to Alice M. Dibble, falsely represented the same to be the mortgage of himself and wife. This mortgage was, on the 20th day of October, 1905, duly assigned to William T. Souder, of Hennepin county, Minnesota, the appellant in this action. This assignment was recorded in the office of the register of deeds of Eddy county, North Dakota, on the 27th day of October, 1905. The mortgage was duly foreclosed and the mortgaged premises sold by the sheriff of Eddy county to appellant, for the sum of $959.09, on the 30th day of December, 1905, and sheriff's certificate of foreclosure sale issued to him, which was recorded in the office of the register of deeds of Eddy county, on the same day. No redemption having been made from this mortgage foreclosure sale, the sheriff of Eddy county, on the 31st day of December, 1906, executed a sheriff's deed of the premises in question to appellant, which was recorded in the office of the register of deeds of Eddy county, on the 31st day of January, 1907. Louisa Justice left her husband and the premises in question in September, 1903, and went to the state of Washington, where she has ever since resided, and has never since returned to her husband or to the state of North Dakota. She took her little girl with her without the consent of her husband. In January, 1904, she was living with a man by the name of Matthews apparently as his wife, and was known to her neghbors as Mrs. Matthews. On the 20th day of April, 1905, she obtained a divorce from her husband, George W. Justice, in the superior court of Spokane county, state of Washington, and also a judgment for alimony, suit money, and attorney's fees. After plaintiff left him in September, 1903, Mr. Justice, with one of his five children,

lived upon these premises until December, 1904, when he left and abandoned them as his homestead, and has never since returned to or lived upon these premises. In the month of October, 1906, plaintiff commenced an action against George W. Justice in the district court of Eddy county, North Dakota, upon the judgment for alimony, rendered in the superior court of Spokane county, Washington, on the 20th day of April, 1905, attaching the premises in question and obtained judgment against him for the sum of $903.74, on the 22d day of December, 1906. On the 29th day of December, 1906, this action was commenced to have the mortgage, the assignment, the foreclosure proceedings, and the sheriff's deed set aside and canceled of record, and to have it decreed that appellant has no interest in, or incumbrance upon, the premises in question. Appellant, in his answer, alleged the giving of the mortgage, assignment to him, the foreclosure proceedings, and the execution and delivery of the sheriff's deed; that plaintiff had deserted her husband, removed from and abandoned the premises in question prior to the giving of the mortgage, and that her husband had left and abandoned the premises as his homestead in January, 1904; and that the cause of action alleged in the complaint, being founded upon a claim of homestead right 'n property conveyed and incumbered, was barred by the statute of limitations. This action was tried at the May, 1907 term of the district court of Eddy county by the court, and resulted in a judgment against appellant substantially as demanded in the complaint, which judgment was entered on the 16th day of July, 1907. And this appeal is from this judgment."

In the light of these facts we are required to determine the legal rights of the parties. It is perfectly apparent that the equities strongly preponderate in appellant's favor, and that respondent ought not to prevail unless the strict legal rules inevitably demand such a result. It is important in considering the case to keep in mind the fact that plaintiff is not here in the capacity of a homestead claimant seeking to assert a homestead right. On the contrary, she is here asserting that the real property in question long since ceased by abandonment to be impressed with the homestead character. Her sole claim of right to her attachment lien on such property and for the satisfaction of her judgment out of the same is based on the theory that the said land has ceased to be the homestead, and that her former husband and judgment debtor's interest in said property is still intact and subject to the payment of his

debts, notwithstanding appellant's mortgage and sheriff's deed under foreclosure thereof; it being respondent's contention that such mortgage and the foreclosure proceedings thereunder are nullities by reason of the fact that at the date such mortgage was executed the property was the homestead of George W. Justice, the mortgagor, and that respondent, his then wife, did not join in the execution of such mortgage. Respondent therefore is here merely in the capacity of an attaching creditor of George W. Justice, seeking to subject his interest, if any, in such property to the payment of her demand. Hence, in so far as appellant's rights under the mortgage are concerned, respondent stands in no more advantageous position than her former husband. To the extent of his interest, if any, in such property at the date of her attachment, she is entitled to recover in this action and not otherwise. If we are correct in the above conclusions, and we think we are, then it only remains for us to determine what interest, if any, George W. Justice had in this property in October, 1906, the date respondent's attachment was levied.

It is asserted by appellant's counsel that under the facts George W. Justice is estopped to question the validity of said mortgage and that such estoppel extends to all persons claiming under or through him, including this plaintiff. Numerous authorities are cited in support of such contention including the following: Schwartz v. National Bank, 67 Tex. 217, 2 S. W. 865; Pitman v. Mann, 71 Neb. 257, 98 N. W. 821; Adams v. Gilbert, 67 Kan. 273, 72 Pac. 769, 100 Am. St. Rep. 456; Lucy v. Lucy, 107 Minn. 432, 120 N. W. 754, and Engholm v. Ekrem (N. D.) 18 N. D. 185 119 N. W. 35. On the contrary, respondent's counsel contend that the doctrine of estoppel can have no application to the facts of this case, but they concede that such doctrine might, with propriety, be invoked were the controversy between George W. Justice and this appellant. They cite and rely upon Bolton v. Oberne, 19 Iowa, 278, 44 N. W. 547, and cases cited. To the foregoing many other cases might be added. See dissenting opinion of Brown, J., in Lucy v. Lucy, supra, and cases therein cited. Also Withers v. Love, 72 Kan. 140 3 L. R. A. (N. S.) 514, 83 Pac. 204; Jerdee v. Furbush, 115 Wis. 277, 91 N. W. 661, 95 Am. St. Rep. 904, and exhaustive note at page 909; Alt v. Banholzer, 39 Minn. 511, 40 N. W. 830, 12 Am. St. Rep. 681, and numerous authorities cited in note.

The conclusion which we have arrived at on another feature of the case to be hereafter noticed renders it unnecessary to express any opinion upon this most interesting question, and we refrain from expressing any opinion thereon.

The same may be said with reference 'to appellant's second contention, which is that the abandonment of the homestead rights in this property operated to validate the mortgage. Upon this question the authorities are in hopeless conflict. The weight of authority, however, under homestead statutes similar to our own, appears to be against appellant's contention. Numerous authorities, both pro and con, are collected in the valuable note in 95 Am. St. Rep., at page 920.

It has been decided in this jurisdiction by numerous authorities that the mortgage in question, not having been signed by the wife, is utterly void and of no effect. See Gaar, Scott & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Silander v. Gronna, 15 N. D. 522, 108 N. W. 544, 125 Am. St. Rep. 616, and cases cited. Such mortgage being void and not merely voidable, it is difficult to see how it can consistently be said that the subsequent conduct of the mortgagor in abandoning his homestead rights could operate to validate his previously void instrument.

This brings us to what we consider to be the controlling and decisive question in the case which is the legal effect section 5054, Rev. Codes 1905, has upon the rights of these parties. This section is as follows: "No action, defense or counterclaim founded upon a right of homestead in property conveyed or incumbered prior to the taking effect of this article and since the taking effect of section 5053 otherwise than is provided by the law in force at the time of the execution of such conveyance or incumbrance and for which no declaration of homestead shall have been filed previous to the taking effect of this article, shall be effectual or maintainable unless such action is commenced or such defense or counterclaim interposed on or before the first day of January, 1906. * * *"

Conceding the correctness of all that is said by respondent's counsel with reference to the nonapplicability to this case, for the reasons stated by them, of the foregoing statute, still, we are convinced that the necessary effect of such statute of limitations was to cut off and terminate on January 1, 1906, long prior to plaintiff's attachment, any right on the part of George W. Justice to question

the validity of said mortgage. Any remedies possessed by him against such mortgage were, on January 1, 1906, forever terminated and destroyed if we are to give force and effect to such statute. This being true, it inevitably follows that thereafter such mortgage could be asserted by its owner against the interest of the said mortgagor in said land without any hindrance or objection on his part. It was so asserted and a foreclosure had in 1905, prior to plaintiff's attachment proceedings.

The statute aforesaid was evidently aimed at just such cases as this. Its manifest purpose was to limit the time in which a person in the situation of the mortgagor, Justice, may question his conveyance or incumbrance of the homestead. It is a statute of repose, and should be liberally construed with a view of effectuating its evident object and purpose. While it no doubt could not be successfully urged against plaintiff in an action by her to assert her homestead claim for the reason that she did not sign the mortgage nor, so far as the record discloses acquire any knowledge thereof until after January, 1906, still, as before stated, she is not here asserting any such right, but on the contrary is asserting, in effect, that at the date of her attachment George W. Justice was still the owner of this property, and that such mortgage and the foreclosure proceedings hereunder were nullities. If, by force of the above statute, Justice's right to question the mortgage and the foreclosure proceedings terminated on January 1, 1906, plaintiff acquired, by virtue of her attachment, no right to question the same. She could not acquire, through her attachment, any greater rights than Justice possessed. The statute can be invoked, therefore, for the purpose of showing that George W. Justice, on January 1, 1906, ceased to have any attachable interest in such real property, except subject to defendant's rights under the mortgage and the foreclosure proceedings. All remedies possessed by George W. Justice against such mortgage were, on such date, barred by this statute. This being true, the rule announced by this court in Nash. v. Land Co. 15 N. D. 566, 108 N. W. 792, and Mears v. Land Co., 121 N. W. 916, is applicable on principle, and operated to vest in appellant, as owner of such mortgage, an unassailable lien on the property as against the mortgagor, Justice, and those claiming under him. As against such persons it must be held that appellant, through the foreclosure proceedings, acquired title to the premises in question. This conclusion necessitates a reversal of the judg-

ment and the entry of a judgment dismissisng plaintiff's action. It is so ordered. All concur.

ELLSWORTH, J., being disqualified. CRAWFORD, J., of the district court, sat in his place by request.

(125 N. W. 1029.)

NOTE—See note to Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245. Execution sale of homestead conveys no estate. Johnson v. Twichell, 13 N. D. 426, 101 N. W. 318. Officer making execution sale of homestead liable only for expense of clearing title. Id. Section 3605, Rev. Codes 1899, defines "homestead exemption," not "homestead." Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684. Widow and minor children entitled to homestead of deceased husband, although it exceeds $5,000 in value. Id. The excess over $5,000 goes to pay decedent's debts, but after balance of estate is exhausted. Id. In determining such value liens and mortgage are not deducted. Id. Decree assigning such homestead must show its excess in value, and that it is indivisible. Id. Husband's sole contract to sell homestead is void, and he is not liable for its breach. Silander v. Gronna, 15 N. D. 552, 108 N. W. 544. Requirement of wife's joinder in conveyance of homestead not open to objection that, by legislative action, it defeats or impairs husband's right of individual conveyance. Gaar, Scott & Co. v. Collin, 15 N. D. 622, 110 N. W. 81. When owner of land acquiesces in its dedication as a homestead, it becomes subject to laws regulating its conveyance. Gaar, Scott & Co. v. Collin, supra. Wife's assent to extension of mortgage on homestead not necessary, and he can prevent statute of limitations running. Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677. Wife who joins husband in mortgaging the homestead does not become a surety entitled to notice of extension of mortgage debt. Id. Residence upon land generally necessary before homestead can be claimed. Smith v. Spafford et al., 16 N. D. 208, 112 N. W. 965. Declaration of homesteader competent evidence to sustain homestead but not conclusive. Id. Evidence showing abandonment of homestead. Id. Husband entitled to homestead exemption although fee thereto is in the wife. Bremseth v. Olson, 16 N. D. 242, 112 N. W. 1056. Where vendee under a contract of purchase defaults, and alone transfers his interest thereunder, and with his wife removes therefrom, held, an abandonment of both contract and homestead. Ferris v. Jensen, 16 N. D. 462, 114 N. W. 372. Wife's homestead rights, under such contract, are no greater than, and are dependent upon, husband's rights under the contract. Id. Where husband and wife agree with a purchaser verbally to sell their homestead, and the latter takes possession and improves with their knowledge and acquiescence, they cannot question their contract. Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35. Neither statute of frauds nor homestead law does away with estoppel in pais. Id. Homestead law not construed to enable owner of homestead to perpetrate fraud. Id. Who are heads of family? See Holcomb v. Holcomb, 18 N. D. 561, 120 N. W. 547. A divorced husband not entitled to homestead when deprived by decree of custody of children, and is not other-

wise "head of a family." Id. Construing the statutes of succession, where decedent was not entitled to a homestead at his death, none can descend as such homestead to a minor child of decedent. Id.