# ELY VANNATTA v. W. D. McCLINTOCK.

## (144 N. W. 76.)

**Head of family — Federal homestead — abandonment — mortgage by husband — wife not joining — subsequent mortgage by both — foreclosure — sheriff's deed — action — by purchaser — to quiet title — cannot be maintained.**

One G., the head of a family including a wife, on August 20th, 1900, made a homestead filing and entry upon a quarter section of land in Pierce county and on the same day entered into possession thereof, and he, with his family, took up their residence thereon. Such residence continued until April, 1907, when G. and family voluntarily quit possession and removed their residence from such premises without any intent to return thereto. He made final proof thereon November 18th, 1905. December 17th, 1904, G. executed and delivered a mortgage on such premises without his wife joining therein, and which mortgage is now held by the respondent. December 15th, 1905, said G. and wife executed and delivered a mortgage on the same premises, which mortgage was subsequently foreclosed and at the expiration of the period for redemption sheriff's deed therefor issued. Under this foreclosure appellant holds title to said premises, and brought this action January 31st, 1911, among other things, to quiet title as against the mortgage held by respondent. It is *held* that, under the provisions of § 5054, Rev. Codes of 1905, quoted at length in the opinion, he cannot maintain such action.

Opinion filed October 23, 1913.

Appeal from a judgment of the District Court of Pierce County; *Burr*, J.

Affirmed.

*F. J. Funke*, for appellant.

The homestead law confers the right of possession upon the entryman when the entry is made. 32 Cyc. 833; Tiernan v. Miller, 69 Neb. 764, 96 N. W. 661; Marquez v. Frisbie, 101 U. S. 473, 25 L. ed. 800.

One in undisputed possession of such land with intent to obtain title is deemed the owner as against everyone except the government. Earnhart v. Switzler, 105 C. C. A. 260, 179 Fed. 832; Miller v. Imperial Water Co. 156 Cal. 27, 24 L.R.A.(N.S.) 372, 103 Pac. 227;

Orrell v. Bay Mfg. Co. 83 Miss. 800, 70 L.R.A. 881, 36 So. 561; Reservation State Bank v. Holst, 17 S. D. 240, 70 L.R.A. 799, 95 N. W. 931; Red River & L. of W. R. Co. v. Sture, 32 Minn. 95, 20 N. W. 229; Olson v. Huntamer, 6 S. D. 364, 61 N. W. 479.

Every species of title, inchoate or complete, is comprehended within the term "property" as applied to lands subject to homestead exemption rights which lie in contract; contracts executory or fully executed. Soulard v. United States, 4 Pet. 511, 7 L. ed. 938; King v. Gotz, 70 Cal. 236, 11 Pac. 656.

Whatever character of title to land held as homestead, or whatever may inure or grow out of such title, will be impressed with homestead quality. Alexander v. Jackson, 92 Cal. 514, 27 Am. St. Rep. 158, 28 Pac. 593; Perry v. Ross, 104 Cal. 15, 43 Am. St. Rep. 66, 37 Pac. 757; Stinson v. Richardson, 44 Iowa, 373; Moore v. Reaves, 15 Kan. 150; McCabe v. Mazzuchelli, 13 Wis. 478; Hoy v. Anderson, 39 Neb. 389, 42 Am. St. Rep. 591, 58 N. W. 125; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245.; Oswald v. McCauley, 6 Dak. 289, 42 N. W. 769; First Nat. Bank v. Lamont, 5 N. D. 393, 67 N. W. 45.

A conveyance of a homestead by a married person which is not executed by both husband and wife is void. Roby v. Bismarck Nat. Bank, 4 N. D. 161, 50 Am. St. Rep. 633, 59 N. W. 719; Myrick v. Bill, 5 Dak. 167, 37 N. W. 370; Brokken v. Baumann, 10 N. D. 453, 88 N. W. 84; Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; First Nat. Bank v. Lamont, 5 N. D. 393, 67 N. W. 145; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Justice v. Souder, 19 N. D. 613, 125 N. W. 1029; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35.

Where an acknowledgment is necessary to give effect to an instrument, such instrument becomes a completed one, and takes effect from the date of acknowledgment, and not from date of execution. 1 Cyc. 560; Doe ex dem. De Peyster v. Howland, 8 Cow. 277, 18 Am. Dec. 445.

*Paul Campbell,* for respondent.

Our statute is not limited in its application to homestead claimants, to the exclusion of grantees, mortgagees, etc. Rev. Codes, 1905, § 5054.

The constitutional enactment in so far as it creates the state homestead is plainly self-executing. 15 Am. & Eng. Enc. Law, 2d ed. 528, 529; 6 Am. & Eng. Enc. Law, 2d ed. 912–914; Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684; Roesler v. Taylor, 3 N. D. 546, 58 N. W. 342.

The homestead is real property owned by the head of a family and occupied by the family as a home. 15 Am. & Eng. Enc. Law, 2d ed. 525, citing, Century Dict.; Bouvier's Law Dict.; Lyon v. Hardin, 129 Ala. 643, 29 So. 777; Re Owings, 140 Fed. 739.

Where the Constitution or statute exempts the homestead from levy or sale "under mesne or final process," it presupposes a title capable of a transfer by such sale, and does not exempt land unless the claimant has such a title. 15 Am. & Eng. Enc. Law, 2d ed. 557; Wisner v. Farnham, 2 Mich. 472; Brown v. Keller, 32 Ill. 151, 83 Am. Dec. 258; Ketchin v. McCarley, 26 S. C. 1, 4 Am. St. Rep. 674, 11 S. E. 1099; Helgebye v. Dammen, 13 N. D. 171, 100 N. W. 245; Roby v. Bismarck Nat. Bank, 4 N. D. 156, 50 Am. St. Rep. 633, 59 N. W. 719; Myrick v. Bill, 5 Dak. 167, 37 N. W. 369.

The law protects every estate which could be sold on execution. 21 Cyc. 502, note, 46; Jones v. Jones, 213 Ill. 228, 72 N. E. 695.

The mortgage in question was given before the mortgagor had acquired any estate in the land, his only right being a possessory interest. Adams v. McClintock, 21 N. D. 483, 131 N. W. 394.

The premises were not a state homestead. The entryman during the first five years has only a possessory or proprietary interest in the Federal homestead. After five years, and being still in possession, he becomes the equitable owner, and by compliance with the law, this right may be ripened into a perfect legal title. 32 Cyc. 786–787, note, 18–23, 788, note 26–29, 817, note, 46–51, 818, note, 52, 54–56, 819, 820, note, 69 and 70–72, 833, 834, 855, 1029, 1030; Gjerstadengen v. Van Duzen, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233; Bergstrom v. Svenson, 20 N. D. 55, 126 N. W. 497, Ann. Cas. 1912C, 694.

Appellant bought from Hublou with knowledge of the law, that the bar of the statute was against his grantors. 37 Cyc. 665; 25 Cyc. 1009, 1010, note, 23; 15 Cyc. 1001–1024.

The statute under consideration is a limitation law, and the time

between its passage and going into force is reasonable. Adams & F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W. 98; Clark v. Beck, 14 N. D. 287, 103 N. W. 755.

This law was in effect before appellant or his grantors acquired any interest, and the propositions here involved have been passed by this court. Justice v. Souder, 19 N. D. 613, 125 N. W. 1029; Styles v. Theo. P. Scotland & Co. 22 N. D. 469, 134 N. W. 708.

The grantee's interest and estate are derived solely from the husband, owner; he claims under him; takes no greater rights than he possessed, and is estopped where his grantor is estopped. 21 Cyc. 460; Dun v. Dietrich, 3 N. D. 3, 53 N. W. 81; Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185.

The deed or mortgage became valid and effective on abandonment of homestead. Rev. Codes, 1905, §§ 4974–5053, 5054; Robertson v. Hefley, 55 Tex. Civ. App. 368, 118 S. W. 1159; Kirby v. Blake, 53 Tex. Civ. App. 173, 115 S. W. 674; Note to Jerdee v. Furbush, 95 Am. St. Rep. 920; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Gee v. Moore, 14 Cal. 472; 21 Cyc. 460, 528, 535, 539–546, 547, 549, 616; 16 Cyc. 686–715; Vickers v. Peddy, 55 Tex. Civ. App. 259, 118 S. W. 1110; Keyes v. Scanlan, 63 Wis. 345, 23 N. W. 570; Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 Ann. Cas. 1155; Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15.

The Constitution exempts the homestead only from foreclosure. Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684; McCanna v. Anderson, 6 N. D. 482, 71 N. W. 769; Gaar, S. & Co. v. Collin, 15 N. D. 623, 110 N. W. 81; Roesler v. Taylor, 3 N. D. 546, 58 N. W. 342; 21 Cyc. 460–462, 527–529, 622, 623.

If an instrument is void, notice of it certainly cannot render it valid. If not void, then the record of it constitutes notice. Roby v. Bismarck Nat. Bank, 4 N. D. 156, 50 Am. St. Rep. 633, 59 N. W. 719; 1 Cyc. 516.

SPALDING, Ch. J. This is an appeal by the plaintiff, Ely Vannatta, from a judgment entered by the district court of Pierce county on the 3d of January, 1912, in an action to determine adverse claims to the north half of the southeast quarter of section two, and the northwest

quarter of the southwest quarter and the southwest quarter of the north-west quarter of section one, in township 153 north of range 74 west, in Pierce county, North Dakota. The judgment quieted title in the plaintiff and appellant, Vannatta, as against all the defendants except the respondent, W. D. McClintock. It was adjudged that he held a valid and subsisting lien by mortgage upon the premises, prior and paramount as an encumbrance thereon, to the right, title, estate, and interest of the plaintiff, Vannatta, and the judgment contained the usual provisions and directions for foreclosing such mortgage. None of the defendant lien holders appealed, and the contest lies between the plaintiff-appellant, Vannatta, and the defendant-respondent, W. D. McClintock, and only the judgment roll is before us, the question being whether the findings of fact sustain the judgment.

Without setting out such findings in detail, it is sufficient to say that it appears that one George Goetz was the head of a family dependent upon him for support, which family included his wife, Barbara Goetz, at all times material to a consideration of this case; that on the 20th of August, 1900, Goetz made a homestead filing and entry upon the premises in controversy, and on about the same day entered into possession thereof and took up his residence thereon with his family in a dwelling house situated upon said premises; and that such residence continued up to and until some time in the month of April, 1907, when they voluntarily quit possession thereof and removed their residence therefrom, and had no intent to return thereto, and voluntarily abandoned any homestead right or claim therein or thereto. No declaration of homestead in said premises was ever made or recorded; that on or about the 18th day of November, 1905, said Goetz made final proof upon said premises, and on that day received a final receiver's receipt from the receiver of the appropriate United States land office therefor, which receipt was recorded in the office of the register of deeds of Pierce county, North Dakota, on December 28th, 1905; and the United States patent therefor was delivered to Goetz on the 30th of June, 1906, and recorded on the 17th of November, 1910. On or about the 17th day of December, 1904, said Goetz executed and delivered a mortgage on said premises to the McHenry County State Bank, containing the usual covenants of warranty, and duly executed. This mortgage was duly recorded in the office of the register of deeds

of Pierce county on December 24th, 1904. Barbara Goetz, wife of the mortgagor, did not join in the execution of such mortgage, no part of it has ever been paid, and on or about the 19th of April, 1910, the defendant, W. D. McClintock, became and still remains the owner and holder of said mortgage through an assignment thereof duly executed and recorded in said register of deeds' office on the 16th of August, 1910. This is the mortgage held to be a valid lien on the premises described, and on which the decree of foreclosure was entered.

The other defendants are holders of liens of various and differing kinds and dates, claimed to be inferior to the title of appellant, and the lien of respondent's mortgage. No consideration need be given their claims as they have not appealed. On the 15th of December, 1905, said Goetz and his wife, Barbara, executed and delivered to the Merchants Bank of Rugby a mortgage on the same premises to secure the payment of a debt, and such mortgage was recorded in the office of the register of deeds of Pierce county on the 20th of December, 1905. On the 21st day of December, 1907, the last-mentioned mortgage was foreclosed by sale, duly advertised, and the premises sold to one J. G. McClintock, and recorded in the office of the register of deeds on the 28th of December, 1908.

On or about the 21st of December, 1908, one Hublou, a subsequent lien holder, regularly redeemed said premises from such foreclosure sale and received a certificate of redemption, which was recorded in said register of deeds' office on the 21st of December, 1908. No further redemption having been made from such sale, a sheriff's deed for the premises described was, on the 27th of February, 1909, executed and delivered to Hublou and duly recorded on the same day, and said Hublou thereafter, by warranty deed, conveyed said premises to the plaintiff, Vannatta, which deed was, on the 14th of August, 1910, duly recorded in the office of the register of deeds.

It is apparent from these findings that the question to be determined here is as between the two mortgages, the one first in point of time and of record being executed by the husband alone, and the subsequent one by both husband and wife, and both mortgages given while Goetz and wife were in possession of and residing upon the premises under the homestead laws of the United States. Many interesting questions are presented in the briefs. In support of the de-

cision of the trial court, it is contended that this was not a state home-stead, mainly because Goetz had acquired, at the time respondent's mortgage was executed, no estate or interest in the premises constituting a foundation, under our state homestead law, for the homestead right of exemption; that it is only such an estate or interest as can be levied upon that the law is intended to protect, hence it was unnecessary in any event for the wife to join in the execution of a mortgage. It is further contended that in case it did constitute a homestead under the state law, and was therefore exempt, the subsequent abandonment of it as a homestead validated the mortgage, if invalid at the time it was given; and that such validation relates back to the execution and delivery of the mortgage. Most exhaustive and ingenious arguments are made in support of these propositions, but from our consideration of this appeal we deem it wholly unnecessary to determine these questions.

In support of the judgment it is contended, and we think correctly, that the appellant, as the successor in interest of Goetz, the mortgagor, cannot maintain this action as against the mortgage held by respondent. This contention rests upon the provisions of our statute, found in § 5054, Rev. Codes of 1905. For a complete understanding of it we quote §§ 5052, 5053, and 5054. Section 5052 provides that "the homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed . . . by both husband and wife."

Section 5053 was enacted in 1895, and reads: "No action, defense, or counterclaim founded upon a right of homestead in property heretofore conveyed or encumbered, otherwise than as provided by the law in force at the time of the execution of such conveyance or encumbrance, and for which no declaration of homestead shall have been filed previous to the taking effect of this section, shall be effectual or maintainable, unless such action is commenced, or such defense or counterclaim interposed, on or before the 1st day of January, 1900; provided, nevertheless, that such limitation shall not apply if the homestead claimant was, at the time of the execution of such conveyance or encumbrance, in the actual possession of the property claimed, and had not quit such possession previous to the commencement of such action or the interposing of such defense or counterclaim."

It will be noticed that this section only placed a bar upon actions, defenses, and counterclaims brought or interposed on or before the 1st day of January, 1900, but in 1905 the legislature enacted § 5054, which reads as follows:

"No action, defense, or counterclaim founded upon a right of homestead in property conveyed or encumbered prior to the taking effect of this article, and since the taking effect of § 5053, otherwise than is provided by the law in force at the time of the execution of such conveyance or encumbrance, and for which no declaration of homestead shall have been filed previous to the taking effect of this article, shall be effectual or maintainable, unless such action is commenced, or such defense or counterclaim interposed, on or before the 1st day of January, 1906; and no action, defense, or counterclaim founded upon a right of homestead in property hereafter conveyed or encumbered, otherwise than as provided by the law in force at the time of the execution of such conveyance or encumbrance, and for which no declaration of homestead shall have been filed previous to the execution of such conveyance or encumbrance, shall be effectual or maintainable, unless such action is commenced, or such defense or counterclaim interposed, within two years after the execution of such conveyance or encumbrance; provided, nevertheless, that such limitation shall not apply, if the homestead claimant was, at the time of the execution of such conveyance or encumbrance, in the actual possession of the property claimed, and had not quit such possession previous to the commencement of such action, or the interposing of such defense or counterclaim; and provided, further, that this section shall not in any way affect claims to the homestead which may have become barred under the provisions of said § 5053." ·

This section took effect as a law July 1st, 1905, a little over six months after the recording of respondent's mortgage, and five and a half months prior to the giving of the mortgage under which appellant holds. Appellant's mortgage was given sixteen days prior to the 1st of January, 1906, when the limitation provided by § 5054 became operative. This is a statute of limitations on actions like the one in the case at bar. It was intended to meet just such cases as this, and to render it impossible for the owner of the premises or his successor in interest to maintain title, or sustain a defense or counterclaim,

against the holder of a mortgage or title under a conveyance or mort-
gage which the wife had not joined in executing.  Let us examine this
with relation to the statute.  It applies to an action, defense, or coun-
terclaim founded upon a right of homestead.  The action brought by
plaintiff is, as against the respondent, predicated or founded upon a
claim of a right of homestead in Goetz and wife in the property to
which the appellant is the successor in interest.  Next, it was encum-
bered prior to the taking effect of the article; that is, prior to July
1st, 1905, and it was encumbered otherwise than as was provided by
law in force at the time of the execution of the mortgage held by respon-
dent.  No declaration of homestead was filed previous to the taking
effect of the law, or at all.  The action was not commenced before the
1st day of January, 1906, and incidentally the action was not com-
menced within two years after the execution of respondent's mortgage;
and, finally, while the party under whose homestead right appellant
claims to be relieved from the mortgage was in possession when respon-
dent's mortgage was executed and delivered, and had quit possession
previous to the commencement of this action.  How could the facts
more nearly fit all the provisions of a statute?  Every element essen-
tial to bar the defense is here found to exist, and we deem it unneces-
sary to discuss it further, and particularly because this court has only
recently fully considered and passed upon the purpose and effect of
this statute, and held it to be a statute of limitations applicable in
such case.  See Justice v. Souder, 19 N. D. 613, 125 N. W. 1029.  See
also Styles v. Theo. Scotland & Co. 22 N. D. 469, 134 N. W. 708.
As to power of legislature to pass statutes of limitations, see Adams
& F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W.
98; Gilbert v. Ackerman, 159 N. Y. 118, 45 L.R.A. 118, 53 N. E.
753.

No question of notice of a change in the statute of limitations seems
to us in the case.  The law was in force five months and a half prior
to the execution and delivery of the mortgage under which appellant
holds, and the original holder was thereby informed that if it took
the mortgage it would be barred from making any claim under it as
against the respondent's mortgage, unless he asserted it by action, coun-
terclaim, or defense before the 1st of January, 1906.  It had five and

a half months' knowledge of the law before taking this mortgage, and it took subject to the limitation thereby imposed.

J. G. McClintock, who bought under the sheriff's sale on the foreclosure, purchased December 21st, 1907, and he had knowledge of the law from July 1st, 1905, until the date of his purchase; and Hublou, who redeemed December 21st, 1908, was possessed of the knowledge an additional year; and appellant, who took the deed under which he holds from Hublou August 14th, 1910, had almost ten months' longer notice of the law than had Hublou. This action was not commenced until January 31st, 1911. It is simply a case of parties acquiring property after a statute of limitations has been enacted, and does not involve any question of property rights existing prior to its enactment as to appellant. When the second mortgage was taken, and when appellant acquired title under it, the mortgagee and appellant took their chances on facts occurring which would make the statute operative against them.

The argument that § 5054 cannot be construed to give validity to a prior void mortgage is answered in Justice v. Souder, supra. The logical effect on the rights of appellant need not be analyzed or considered. His remedy, if any, was with the legislature. The application of this section is so patent to the case before us, and its construction by this court so recent that we deem it unnecessary to enter into any further discussion of the subject. Our conclusion is reached without reference to the question of any right of Goetz to a state homestead exemption in a homestead taken under the laws of the United States, on which he had not made final proof. It is assumed for the purposes of this decision that it was exempt under the state homestead laws. Neither have we investigated to determine whether the right to assert a claim as against a mortgage not executed by the wife, when the mortgaged property was a homestead, is personal to those claiming a homestead interest in it; as the homestead exemption has been construed by this court it is possible that such right is not transferred by conveyance, and that therefore the holder under a foreclosure sale of a subsequent mortgage is not in position to assert title as against a mortgage in which the wife did not join.

The judgment of the District Court is affirmed.