## MATHILDA DIETER v. JOHN H. FRAINE.

### (128 N. W. 684.)

**Homestead — Exemption.**

    1. The constitutional and statutory provisions of this state declaring as absolutely exempt to the head of a family the homestead as created, defined,

Note.—The validity of sale of a homestead under execution is considered in 87 Am. Dec. 273, and the question of attachment and judgment liens against homesteads generally is the subject of notes in 34 Am. St. Rep. 496 and 38 Am. St. Rep. 247.  The question who is the head of a family within the meaning of the homestead laws is treated in notes in 61 Am. Dec. 586 and 70 Am. St. Rep. 107.  As to suits by wife for or concerning homesteads, see note in 76 Am. Dec. 442.  See also note at end of case.

and limited by law, are wholesome and salutary regulations remedial in character, enacted in furtherance of a wise, generous, and humane public policy to encourage the establishment and maintenance of homes, and should be liberally construed with a view of carrying into effect the obvious purpose of their enactment.

### Homestead Exemptions — Policy of Law.

2. The homestead exemption is declared in favor of the head of the family in a representative capacity, and is not intended only for the benefit of the individual who stands in that relation, but for the protection and preservation of the home for the benefit of the family as a whole.

### Homestead Exemption — Waiver — Attachment.

3. The homestead of a family in this state is absolutely exempt from attachment or mesne process, and from levy and sale upon execution, and for any other final process issued from any court, and such exemption is not presumed to be waived by the failure or neglect of the head of the family to expressly claim it.

### Homestead Exemption — Judicial Sale.

4. A levy on execution upon, and a judicial sale of, premises known to the levying officer to be occupied by the family of the judgment debtor as a homestead, is wholly inoperative and void, and a sheriff's certificate issued pursuant to such sale conveys no interest in the property.

Opinion filed October 12, 1910. Rehearing denied November, 30, 1910.

Appeal from District Court, Walsh county; *Honorable W. J. Kneeshaw, J.*

Action by plaintiff to determine adverse claims to real property. From a decree in favor of defendant, plaintiff appeals.

Judgment reversed, and the district court directed to enter judgment in plaintiff's favor.

*E. R. Sinkler,* for appellant.

Execution sale of homestead passes no title. Johnson v. Twichell, 13 N. D. 426, 101 N. W. 318; N. D. Rev. Codes 1905, § 5049; 2 Freeman, Executions, ¶ 315; Thompson, Homestead & Exemption, 625; Kingman v. O'Callaghan, 4 S. D. 628, 57 N. W. 912.

In the absence of statutory or constitutional provisions, selection is unnecessary; occupancy is enough. Cook v. McChristian, 4 Cal. 26; Riggs v. Sterling, 60 Mich. 643, 1 Am. St. Rep. 554, 27 N. W. 705; Thomas v. Dodge, 8 Mich. 51; Kimball v. Salisbury, 17 Utah, 381,

53 Pac. 1037; Anderson v. Stadlman, 17 Wash. 433, 49 Pac. 1070; Beecher v. Baldy, 7 Mich. 488.

Absence of head of family from the home still occupied by family is not abandonment. Meader v. Place, 43 N. H. 307; Chitty .v. Chitty, 118 N. C. 647, 32 L.R.A. 394, 24 S. E. 517; Edwards v. Reid, 39 Neb. 645, 42 Am. St. Rep. 607, 58 N. W. 202; Quigley v. Mc-Evony, 41 Neb. 73, 59 N. W. 767; Lindsay v. Murphy, 76 Va. 428; Phelan's Estate, 16 Wis. 77.

Even desertion of head of family, who remain on homestead, is not abandonment. White v. Clark, 36 Ill. 285; People v. Stitt, 7 Ill. App. 294; 15 Am. & Eng. Enc. Law, p. 658 and notes; Dearing v. Thomas, 25 Ga. 223; Warren v. Block, 1 Ky. L. Rep. 121; Drury v. Bachelder, 11 Gray, 214; Blandy v. Asher, 72 Mo. 27; Morrill v. Skinner, 57 Neb. 164, 77 N. W. 375.

Neither spouse can affect homestead rights of the other. Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 1170, 112 N. W. 1056, 14 A. & E. Ann. Cas. 1155; Morrill v. Skinner, 57 Neb. 164, 77 N. W. 375; Riggs v. Sterling, 60 Mich. 643, 1 Am. St. Rep. 554, 27 N. W. 705; Ring v. Burt, 17 Mich. 465, 97 Am. Dec. 200; First Nat. Bank v. Jacobs, 50 Mich. 340, 15 N. W. 500; Showers v. Robinson, 43 Mich. 502, 5 N. W. 988; Griffin v. Johnson, 37 Mich. 87; Ives v. Mills, 37 Ill. 73, 87 Am. Dec. 238; Walt v. Walt, 113 Tenn. 189, 81 S. W. 228; 3 Current Law, 1639; Mathewson v. Kilburn, 183 Mo. 110, 81 S. W. 1096.

Wife may maintain action to preserve the homestead. Adams v. Beale, 19 Iowa, 61; Eve v. Cross, 76 Ga. 695; Mauldin v. Cox, 67 Cal. 390, 7 Pac. 804; Prey v. Stanley, 110 Cal. 423, 42 Pac. 908; Boling v. Clark, 83 Iowa, 481, 50 N. W. 57; McKee v. Wilcox, 11 Mich. 358, 83 Am. Dec. 743; Andrews v. Melton, 51 Ala. 400; Rev. Codes 1905, § 5052; Comstock v. Comstock, 27 Mich. 97; 21 Cyc. Law & Proc. 635; Ness v. Jones, 10 N. D. 587, 88 Am. St. Rep. 755, 88 N. W. 706; Linander v. Longstaff, 7 S. D. 157, 63 N. W. 775; McClure v. Braniff, 75 Iowa, 38, 39 N. W. 171.

*John H. Fraine* and *Gordon Christie,* for respondent.

Unless head of the family, wife cannot assert the right of exemp-tions. Ness v. Jones, 10 N. D. 581, 88 Am. St. Rep. 755, 88 N. W. 708; Linander v. Longstaff, 7 S. D. 157, 63 N. W. 775.

Ellsworth, J. The action out of which this appeal arises was brought by appellant to determine adverse claims to real property. The particular purpose of the action, as alleged in the complaint, is to set aside as null and void a sale upon execution, made at the instance of respondent, of two lots in the city of Grafton, and a sheriff's certificate of sale of the premises issued to respondent as purchaser, on March 18, 1907.

The record here consists only of the judgment roll. The evidence and exhibits offered were not brought up, and are not before us. The facts necessary to the determination of the appeal must, therefore, be taken from the findings of the court. From these it appears that appellant was the owner in fee of the lots in question, and for a period of about eleven years last past has continually owned and resided upon the premises with her husband and family, consisting of a daughter twenty-five years of age. The husband of plaintiff is alive, and is not in any manner mentally or physically incapacitated from caring and providing for his family, consisting of his wife and daughter, as aforesaid. On the other hand, he is physically able and competent to do so. He has not abandoned or deserted the plaintiff, or in any way relinquished his right to the headship of the family. He has been temporarily away from appellant off and on for two years last past, and out of the state of North Dakota most of the time, but during all of said time has been able-bodied, free from infirmity or sickness, and able and willing to support or assist in supporting his wife and family. Prior to the commencement of this action, he took up a claim of 160 acres of land in the state of Washington, under the desert land laws of the United States, and still holds and claims the same.

It further appears, from admissions of the pleadings and the findings of the court, that respondent is the holder of a judgment, obtained in an action against appellant and her husband upon a claim for services as an attorney in conducting the defense of a criminal prosecution of the husband; that respondent caused execution to issue on this judgment, and to be levied upon the premises occupied by appellant, and the same to be sold at execution sale; that at said sale he became the purchaser, and is now the owner of a sheriff's certificate of sale of the premises in controversy, dated March 16th, 1907, which certificate of sale has been filed for record in the office of the regis-

ter of deeds in Walsh county and duly recorded; that the proceedings under the execution sale culminating in the certificate of purchase held by respondent are regular in form, and on their face convey to respondent title to the premises in question, subject only to appellant's right of redemption. Prior to the date of sale evidenced by this certificate, appellant made the claim in writing that the premises were exempt to her under the homestead laws of the state of North Dakota. Her husband did not join in this claim, nor has he at any time made a similar claim on his own behalf as head of a family.

The court finds as its conclusion of law that the husband of appellant has not, constructively or otherwise, been deposed from his prima facie headship of the family, and that plaintiff is not the head of a family within the meaning of the law providing for homestead exemption; that appellant is not entitled to claim the premises as a homestead, for the reason that she is not the head of a family within the meaning of the laws of this state; that the sheriff's certificate held by respondent is valid and sufficient, and conveys to him title to the lots in question subject only to a redemption by appellant as provided by law.

The district court, upon these findings and conclusions, ordered that judgment be entered in favor of the defendant, declaring that the sheriff's certificate mentioned in the pleadings operates to convey title in the premises to respondent, and that appellant is without claim thereto, which was done accordingly. The plaintiff appeals to this court, demanding a review and new trial of the entire case. Owing to the record presented here, however, we can only review the findings of fact, for the purpose of determining whether they support the conclusions of law and the decree entered by the trial court.

What is known as the homestead right is in this state provided by means of laws, "exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law." Constitution, § 208. The statute adopted in furtherance of this constitutional policy provides in broad terms that the homestead defined by law "shall be exempt from judgment lien, and from execution or forced sale, except as provided in this chapter." Rev. Codes, 1905, § 5049. The only exceptions in the chapter referred to are in favor of debts secured by mechanics' or laborers' liens for work or labor

done, or material furnished, exclusively for the improvement of the same; debts secured by mortgage on the premises, executed and acknowledged by both husband and wife; debts created for the purchase thereof; and taxes accruing and levied thereon. Rev. Codes, 1905, § 5051. As against all other debts, not only the homestead, but the proceeds thereof in case of sale, are absolutely exempt from levy or seizure by a creditor. An execution for the enforcement of a judgment obtained upon a debt not within the classes enumerated may be levied upon the homestead only in case it appears, after due application to the court and an appraisement had, that the property claimed as a homestead exceeds in value the amount of the homestead exemption. Rev. Codes, 1905, §§ 5055–5064. The provisions of the Code of Civil Procedure relating to exemptions reiterated, in even stronger language, the declaration of unqualified exemption of the homestead from levy and sale for all debts not of exceptional character, in the following language: "Except as hereinafter provided, the property mentioned in this chapter is exempt to the head of a family . . . from attachment or mesne process, and from levy and sale upon execution, and from any other final process issued from any court." Then follows a classification of property declared to be absolutely exempt, including, in express language, "the homestead as created and defined and limited by law." Rev. Codes, 1905, § 7115–7116. The only exception mentioned in this chapter to a claim of absolute exemption is to the effect that "no property shall be exempt from execution or attachment in an action brought for its purchase price or any part thereof." Rev. Codes, 1905, § 7126.

It is settled, beyond all cavil, by previous holdings of this court, that the constitutional and statutory provisions of homestead right are wholesome and salutary regulations in furtherance of a wise, generous, and humane public policy, encouraging the establishment and maintenance of homes; that statutes providing for homestead exemptions are remedial in character, and should be liberally construed with a view of carrying into effect the obvious purpose of their enactment; and that the object sought by the adoption of this constitutional provision, and the enactment of statutes in furtherance thereof, "was to protect and preserve the home, not for the benefit of the head of the family, but for the benefit of the family as a whole. . . .

It was the protection of the family which was the purpose in view, and, this being true, it is the duty of the courts, in construing said provisions, to give effect to such plain intent." Bremseth v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 A. & E. Ann. Cas. 1155.

It is apparent, therefore, that the homestead right is declared to exist, and the homestead exemptions are made, by both constitutional and statutory provisions, to the head of the family, not as an individual, but in representative capacity. The right is extended to the family in its entirety, and not to the individual who for the time being stands at its head. This purpose is indicated not only by the general policy of the law, but by the fact that the husband, though the nominal head of the family, is prohibited from conveying or encumbrancing this right by his individual act. Rev. Codes, 1905, § 5052.

Respondent contends, and the trial court held, that no homestead exemption existed in the case at bar by reason of the fact that it was not claimed by the husband, who was to be regarded as the sole head of the family. The fact that the premises were the family domicil seems to be conceded. This brings us to the consideration of the point of whether or not the homestead exemption is to be regarded as a personal privilege of the head of the family that may be considered as waived by his failure, refusal, or neglect to assert it.

It may be conceded that a personal exemption, or these exemptions which are known under the statute as "additional" or "specific alternative," may be waived by a failure of the proper party to claim them within a specified time after seizure. This court has specifically so held, and its ruling is consistent with standard authority on that subject. Ness v. Jones, 10 N. D. 587, 88 Am. St. Rep. 755, 88 N. W. 708. Does it follow that this principle also applies to the absolute exemptions provided by § 7115? If such is the case the holding of the trial court that appellant was not entitled to the assertion of a homestead right in this case is correct.

It is apparent, however, from an examination of § 7115 and the following sections treating of the subject of exemption, that there is a clear and broad distinction to be drawn between those exemptions classified as absolute and those termed "additional" or "specific alternative" by the statute. As said by the supreme court of South Dakota

in passing upon a statute taken word for word, as is ours, from the Compiled Laws of 1887: "Exemptions under this statute are of three classes,—absolute, additional, and special alternative. Either of these come under the provisions of the section above quoted. [Comp. Laws, § 5126.] The absolute exemptions are without any condition or encumbrance. They are unmixed and unconnected with any peculiarities or qualifications; complete and perfect in themselves. Not so with the other two. The statute provides: 'In addition to the property mentioned, . . . the debtor may, by himself or his agent, select . . . goods, chattels, merchandise, money, or other personal property, not to exceed in the aggregate $1,500 in value, which is also exempt, and must be chosen and appraised as hereinafter provided.' . . . This relates to the additional exemptions. The special alternative exemptions may be substituted for the additional, but the debtor must select and choose the property he wishes to be exempted. In the case of absolute exemptions, there can be no doubt but they are at all times, and under all circumstances, not subject to the lien of a judgment, or levy and sale under execution, except such execution was issued for the purchase money of said property. No such conclusion can be drawn in relation to the other two, for the statute requires selection and appraisement,—a setting aside of the property." Longley v. Daly, 1 S. D. 258, 46 N. W. 247.

The foregoing excerpt, we believe supplies a sound construction of § 7115, and § 7116 of the Revised Codes of 1905. It seems apparent that the legislature, in view of the important character of the homestead right, did not see fit to leave its assertion to the caprice of any individual member of a family. It lodged this right in the family itself by making the homestead absolutely exempt from execution, and declaring in pointed and express phrase that it was not the subject of levy and sale under any final process issued from any court. Upon the exclusive and emphatic terms of this inhibition, we can place no other meaning than that any attempt to proceed against the homestead right by means of attachment, execution, or other process of any character involving seizure, levy, and sale, is absolutely prohibited, and if resorted to is wholly inoperative for any of the purposes ordinarily accomplished by such process, and null and void.

A levy does not constitute a lien upon such property, and a sale thereof does not operate to convey to the purchaser any interest whatever.

In the case at bar there seems to be no question but that the property levied upon and sold was the residence of a family, and well within the limits of area and value defined by law as constituting a homestead. The temporary absence of the husband is not even slight evidence of an abandonment. The fact that the family was living there must have been known to the sheriff making the levy and sale. Aside from the fact that notice was served upon him that the property was a homestead, he would be required to take notice that the premises were absolutely exempt from execution, and not the subject of levy and sale. The fact that he proceeded to make a levy, and go through the form of a sale on execution under a judgment that was not a lien upon the property, did not operate to convey any title or interest to respondent, who was the purchaser at the sale. The sheriff's certificate issued to him was wholly unauthorized, and it is at most a cloud upon appellant's title. While, under the conditions, she might not have been qualified to claim an exemption in personal property, it was not necessary, in order to assert the homestead right, that she should make this claim.

It is apparent, therefore, that the findings of the District Court do not afford support for its conclusions, or authorize a decree of the character of that entered. It is accordingly ordered that the judgment of the District Court be reversed, and that it enter a judgment in appellant's favor declaring the sheriff's certificate issued to respondent to be null and void, and quieting title in appellant against any claim of respondent. All concur.

---

Note.—See note to Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245. Execution sale conveys no title to homestead; and officer's liability, if any, is only for cost of clearing title. Johnson v. Twichell, 13 N. D. 426, 101 N. W. 318. Definition of homestead exemption. Calmer v. Calmer, 15 N. D. 120, 106 N. W. 684. Surviving wife and children are entitled to homestead, although it exceeds statutory value. Ibid. Excess may be applied on decedent's debts, after other property is exhausted. Ibid. Liens not deducted in determining value. Ibid. Where homestead exceeding 5,000 in value is decreed by county court, its decree must show the excess and indivisibility. Ibid. Husband's contract to sell homestead without wife's joining is void, and he is not liable for damages for its breach. Silander v. Gronna,

---

15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544. Both spouses must join in all conveyances of, or instruments affecting, the homestead, and the requirement is not unconstitutional as defeating husband's right of individual conveyance. Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81. Acquiescence in its dedication subjects it to existing laws as to conveyance. Ibid. Wife's assent to extension of mortgage on homestead unnecessary. Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677. He can prevent, without her assent, statute of limitations running against a mortgage on homestead. Ibid. Joining husband in a mortgage on homestead does not make wife a surety. Ibid. Residence essential to homestead claim. Smith v. Spafford, 16 N. D. 208, 112 N. W. 965. Removal with intent to abandon defeats the right. Ibid. Homesteader's declaration as to intent competent, but not conclusive, evidence. Ibid. Evidence held to show abandonment. Ibid. Husband can claim homestead although title is in wife. Bremseth·v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 A. & E. Ann. Cas. 1155. Surrender of contract, removal from the homestead, disposal of personal property to carry it on, evidences abandonment of contract and homestead. Ferris v. Jensen, 16 N. D. 462, 114 N. W. 372. Forfeiture of contract of purchase by vendee extinguishes homestead in land bought thereunder. Ibid. Upon verbal agreement of husband and wife to sell homestead, and purchaser entering relying thereon, and making part payment, and improving it, both spouses acquiescing, they cannot deny the validity of sale. Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35. Statute of frauds and homestead provisions give way to estoppel in such case. Ibid. Homestead statute will not be construed to effect fraud. Ibid. "Head of family" defined, Holcomb v. Holcomb, 18 N. D. 561, 120 N. W. 547. Unless husband is entitled to homestead exemptions, none survive to wife or children. Ibid. Mortgage of homestead without wife's signature is void. Justice v. Souder, — N. D. —, 125 N. W. 1029. Unless begun before January 1, 1906, no action can be maintained asserting homestead rights accruing prior thereto. Ibid.