852

Donald GRABER, Plaintiff
and Appellant,

v.

ROLETTE CITY COUNCIL and Rolette
City Health Board, Defendants
and Appellees.

Civ. No. 11030.

Supreme Court of North Dakota.

June 6, 1986.

Donald Graber, pro se.

Traynor, Rutten & Traynor, Devils Lake, for defendants and appellees; argued by Thomas E. Rutten.

LEVINE, Justice.

Donald Graber, appearing pro se, appeals from a district court judgment dismissing his action against the Rolette City Council and City Health Board for damages incurred as a result of the city's allegedly improper declaration that his rental property constituted a "health hazard" and was "not habitable" until such time as sewer problems were corrected. We affirm.

Graber's major assertion on appeal is that the presiding district judge, who assigned this case for hearing before a county judge pursuant to § 27–07.1–17(8), N.D. C.C., erred in refusing to reassign the case to a district judge. Section 27–07.1–17(8), N.D.C.C., allows a presiding district judge to assign types of cases not specifically enumerated in the statute to a county judge, "provided, however, that any party is entitled to have any matter assigned pursuant to this subsection heard by a district judge if a written request therefor is filed with the presiding district judge within three days after receiving notice of the assignment, ..."

Graber's complaint requested damages in the amount of $76,980. Upon receiving a notice of bench trial from the county judge, Graber filed a document entitled "Notice of Change of Venue [and] Notice of Unavailability" with the presiding district judge. The document states in pertinent part that "[p]laintiff respectfully submitts (sic) to this court that said notice [of bench trial] was submitted under cover of County Court and the order was signed by the

County Judge.... Please take notice that County Court or the County Court Judge has no jurisdiction in the above entitled matter being over ten thousand dollars." The presiding district judge denied the "motion," noting that § 27–07.1–17, N.D. C.C., specifically permits such assignments, and that "[p]laintiff's objection to assignment of this action to the County Judge is [to the] jurisdictional limit and not to the County Judge." Graber asserts that the court's refusal to reassign the case to a district judge violated his statutory entitlement to reassignment.

■ We do not view Graber's "motion" to be a request for reassignment of the case to a district judge pursuant to § 27–07.1–17(8), N.D.C.C. Graber's "motion" neither explicitly nor implicitly requests reassignment, nor refers to the statutory provision allowing reassignment. It merely contains a legal assertion that county courts do not have jurisdiction over controversies involving more than $10,000. In responding to Graber's assertion, the presiding district judge understandably referred to the statutory provision which authorized his assignment of the case to a county judge. Although Graber contends that it was his intention to invoke the reassignment provision of the statute and that the only reason he mentioned the $10,000 jurisdictional limit was to explain his own justification for wanting the case reassigned to a district judge, that intent is not evident in, or inferable from, the language used in the document. If Graber in fact intended to invoke the reassignment provision through his "motion," he succeeded only in obscuring his intention and misleading the court. We cannot say that the presiding district judge erred in his contrary interpretation of the document. In view of the ambiguity of Graber's "motion," we conclude that the presiding district judge did not err in refusing to reassign the case to a district judge.

■ Graber raises several other issues. The record contains evidence that raw sewage had overflowed onto the ground on Graber's rental property, that the overflow was caused by the condition of the plumbing system on the premises, and that city officials were concerned about possible adverse health effects from the overflow. Having reviewed the record, we find no reversible error in the admission of evidence and conclude that there was ample evidence from which the trial court could find that city officials acted reasonably. Rule 52(a), N.D.R.Civ.P. Costs and disbursements were properly awarded pursuant to §§ 28–26–02, 28–26–06, and 31–01–16, N.D.C.C., and Rule 54(e), N.D.R.Civ.P.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.