Laurence PODOLL, Adeline Podoll, Adelete Podoll, Betty Podoll, Plaintiffs, Appellees, and Cross–Appellants,

and

The Federal Land Bank of Saint Paul, a corporation, Plaintiff and Appellee,

v.

Deline BRADY, Defendant, Appellant, and Cross–Appellee,

Thomas Brady and Connely Tiede, Defendants.

Civ. No. 870263.

Supreme Court of North Dakota.

May 16, 1988.

---

**152**

James R. Britton Law Office, Rolla, for defendant, appellant and cross-appellee Deline Brady.

Kessel, Splitt & Kessel, LaMoure, for plaintiff and appellee Federal Land Bank of Saint Paul. Submitted on brief by Theodore F. Kessel, Jr. No appearance.

Buchanan Law Office, Jamestown, for plaintiffs, appellees, and cross-appellants Laurence Podoll, Adeline Podoll, Adelete Podoll, and Betty Podoll; argued by Daniel E. Buchanan. Appearance by Lawrence P. Kropp.

GIERKE, Justice.

The defendant, Deline Brady (Brady), appeals from a county court judgment evicting him from land he had previously mortgaged and lost by foreclosure. The plain-

tiffs, Laurence Podoll, Adeline Podoll, Adelete Podoll and Betty Podoll (hereafter collectively referred to as Podolls), cross-appeal from that portion of the trial court's judgment awarding damages in favor of Brady. We affirm in part and reverse in part.

On June 11, 1979, Brady executed a note and mortgage to Federal Land Bank. The mortgage covered certain real property owned by Brady. Brady defaulted on the note and mortgage and as a result Federal Land Bank commenced a foreclosure action. Federal Land Bank purchased the property at the sheriff's sale on February 26, 1986. Brady failed to redeem within the year following the foreclosure sale. On February 27, 1987, a sheriff's deed was issued to Federal Land Bank. On April 6, 1987, Federal Land Bank sold the property to the Podolls and issued a warranty deed.

After the redemption period expired, Deline Brady, Thomas Brady and Connely Tiede continued in possession of the land and refused to give possession to the Podolls. While in possession, they planted corn and oats on the land and cut and baled alfalfa and brome grass off the land to feed their calves.

On July 7, 1987, the Podolls filed suit to evict Deline Brady, Thomas Brady and Connely Tiede from the property. Federal Land Bank joined as a plaintiff in the action based upon its warranty deed issued to the Podolls.

A trial was held on July 13, 1987. The trial court concluded that the Podolls were entitled to immediate possession of the property without interference from the defendants. Also, the trial court ordered the defendants to give the Podolls all bales of alfalfa and brome grass baled this year and to compensate the Podolls for the value of the bales used as feed for the defendants' calves. Finally, the trial court ordered the Podolls to compensate the defendants for their farm expenses in planting and raising the oats and corn and in cutting and baling the alfalfa and brome grass. Brady appealed and the Podolls cross-appealed.[1]

1. Thomas Brady and Connely Tiede did not ap-    peal. Also, Federal Land Bank did not join in

Brady's sole argument raised on appeal is that the mortgage and forced sale of the Brady homestead violates Article XI, Section 22 of the North Dakota Constitution.

In *Federal Land Bank v. Gefroh*, 418 N.W.2d 602, 605 (N.D.1988), this Court held that Section 47–18–04 of the North Dakota Century Code, which permits enforcement of a mortgage on a homestead, does not violate Article XI, Section 22 of the North Dakota Constitution. *See also Connecticut General Life Insurance Co. v. Rott*, 422 N.W.2d 98 (N.D.1988). Accordingly, we reject Brady's argument that mortgaging and forced sale of a homestead is unconstitutional.

The Podolls argue on their cross-appeal that the award of damages against the Podolls by the trial court was erroneous and should be reversed.

Although the trial court did not state it in its findings or conclusions, the trial court's award of damages against the Podolls was based on a theory of quantum meruit.[2]

An action based upon "quantum meruit is of equitable origin, and is still governed by considerations of natural justice." *Kulseth v. Rotenberger*, 320 N.W.2d 920, 923 (N.D.1982) citing *Wellston Coal Co. v. Franklin Paper Co.*, 57 Ohio St. 182, 48 N.E. 888, 889 (1897); *see also Williston on Contracts*, 3d Ed., § 1485.

In the instant case, the defendants continued in possession of the land even though they knew that the redemption period had expired and that the Podolls who had purchased the land from Federal Land Bank wanted to farm the land. Therefore, the defendants wrongfully deprived the Podolls of the use of the land.

Accordingly, we do not believe that the facts of this case support an award of damages against the Podolls based on quantum meruit. Therefore, the trial court's award of damages against the Podolls is reversed.

The Podolls also argue that the appeal was frivolous and in bad faith and therefore they have requested costs and attorney's fees pursuant to Rule 38 of the North Dakota Rules of Appellate Procedure.[3] "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Healy v. Healy*, 397 N.W.2d 71, 76 (N.D.1986), citing *Mitchell v. Preusse*, 358 N.W.2d 511, 514 (N.D.1984). We are not convinced that the appeal was frivolous and in bad faith. Accordingly, costs and attorney's fees are denied.

For the reasons stated in this opinion, we affirm that portion of the judgment evicting the defendants and reverse that portion awarding damages against the Podolls.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

2. At the conclusion of the trial, the court stated that the award of damages against the Podolls was based on quantum meruit.

3. Rule 38, N.D.R.App.P., provides as follows:

"RULE 38. DAMAGES FOR DELAY
"If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs including reasonable attorney's fees."