**FARM CREDIT BANK OF ST. PAUL, Leo Jr. and Jean Gauderman, and Lee and Raymond Topp, Plaintiffs and Appellees,**

v.

**Gary N. STEDMAN and June D. Stedman, Defendants and Appellants.**

**Civ. No. 890082.**

Supreme Court of North Dakota.

Dec. 20, 1989.

---

Gary N. Stedman, Grace City, pro se.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiffs and appellees; argued by Jon R. Brakke.

MESCHKE, Justice.

Gary N. Stedman and June D. Stedman appealed from a judgment evicting them from a farm. We affirm.

In 1979, Stedmans mortgaged their 2,500 acre farm in Foster County to Federal Land Bank of Saint Paul for a $525,000 loan. After Stedmans defaulted on their loan payments, the Federal Land Bank foreclosed the mortgage. The foreclosure judgment was entered in June 1984, but bankruptcy proceedings stayed the foreclosure sale. Eventually there was a sheriff's sale and Stedmans did not redeem. In June 1988, Sheriff's Deeds conveyed the farm to the Farm Credit Bank of St. Paul. The Bank contracted to sell parts of the farm to Leo Gauderman, Jr., Jean Gauderman, Lee Topp, and Raymond Topp.

When Stedmans did not vacate the farm, the Bank, Gaudermans, and Topps sued to evict them. On November 25, 1988, the summons, the complaint, and the notice of hearing were served by a Deputy Sheriff at Stedmans' dwelling house in the presence of their grown sons, Greg Stedman and Mitch Stedman. When Stedmans did not appear, a default judgment of eviction was entered on December 15, 1988. The judgment was amended slightly on January 17, 1989. On March 8, the Bank moved for a writ of assistance to get possession, and the trial court set a hearing on the motion for March 28. On March 13, acting without an attorney, Stedmans appealed from the amended judgment of eviction.

Following their appeal, Stedmans filed a flurry of documents. One, dated March 17, 1989 and entitled "Judicial Notice and Affidavit of Gary Stedman," claimed that he had "not been served a summons and complaint," "that all indispensable parties have not been served," and that the appeal had left the trial court "without jurisdiction until at such time that the appeal has been determined or remanded." The trial court granted the writ of assistance on March 28, but stayed it until April 11 "to give [Stedmans] an opportunity to voluntarily remove [their] property and vacate the premises." On April 4, Stedmans moved for a stay pending appeal under NDRApp 8(a), re-

peating that they had "never been served any Summons or Complaints in this case." On April 5, the trial court declined to consider the motion for stay because it was "vague on its face as to what it requests," and because the trial court had "no jurisdiction to enter orders under Rule 8(a) of the Rules of Appellate Procedure inasmuch as those rules are limited to the North Dakota Supreme Court." On April 5, the Supreme Court also denied a similar motion for stay pending appeal.

By another filing in bankruptcy court, Stedmans again delayed proceedings. On April 20, 1989, Stedmans filed two more motions, labelled "Motion to Reconsider Order, Pursuant to Rule 60, North Dakota Rules of Civil Procedure" and "Motion for Stay, Pursuant to Rule 62," by which they sought a stay of eviction from "their life long Homestead" pending the appeal. On April 26, the bankruptcy court lifted the automatic stay to permit enforcement of the eviction judgment. On May 2, the trial court denied Stedmans pending motions to reconsider and to stay, declaring that it was "firmly convinced that the pleadings and arguments presented by [Stedmans] are without legal merit."

On appeal, Stedmans argued that there was no "proper service of a summons;" that the writ of assistance was an unconstitutional search and seizure under the Fourth Amendment to the United States Constitution; that NDCC 47–18–04(2), authorizing forced sale of a homestead for a debt secured by a mortgage, was unconstitutional under Section 22 of Article XI of the North Dakota Constitution; and that NDCC 47–19.1–01 et seq. of the Marketable Record Title Act prevented eviction because the farm had "belonged to the Gary Stedman family since 1920."

## SERVICE OF PROCESS

NDRCivP 4 governs civil jurisdiction and service of process in North Dakota. Rule 4(d)(2)(A) authorizes personal service of process "upon an individual 14 or more years of age by ... (ii) leaving a copy thereof at his dwelling house or usual place of abode in the presence of a person of

suitable age and discretion then residing therein...." Direct service upon a person is not necessary when service is made at that person's home with another resident present.

Deputy sheriff John Statema certified in a sheriff's return that he

"served the said summons on Gary N. Stedman and June D. Stedman Defendants in said action, by then and there leaving a true and correct copy of said summons and Notice of Hearing and Complaint at their dwelling house in the presence of Greg Stedman and Mitch Stedman, persons of suitable age and discretion then residing therein; and I further certify and return, that at the time of such service said Defendant was not at his dwelling house or place of residence, and could not conveniently be found; ...."

This was a certification of dwelling house service on Stedmans.

A sheriff's return of service of process is presumptive proof that the stated service was made. NDCC 11–15–16. A presumption "substitutes for evidence of the existence of the fact presumed until the trier of fact finds from credible evidence that the fact presumed does not exist." NDREv 301(a). One "against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Id. Stedmans had the burden of proving that service of process was not properly made.

On appeal, the Bank argued that objection to the sufficiency of process was not timely made in the trial court and that, even if it was, the trial court found that service of process was sufficient. It is evident that Stedmans were late in objecting to service of process. They did not do so until after a default judgment had been entered against them, and, indeed, not until after they had appealed that judgment.

■ . Still, recognizing that a judgment without actual service of process would be void, the Bank did not rely on NDRCivP 12(g) and (h). These rules make clear that a defense of insufficiency of service of

process is waived if not timely made by motion or responsive pleading when a defendant appears in the action. Nevertheless, since Stedmans did not object to process when they first appeared, which was to file their appeal, their objection could be viewed as effectively waived. NDRCivP 12(h)(1); *Production Credit Association v. Obrigewitch*, 443 N.W.2d 304 (N.D.1989). Instead of this waiver under the pleading rules, the Bank relied upon another lateness doctrine.

■ This court will not usually consider a new issue for the first time on appeal because the trial court has not had the opportunity to consider and to decide it. *See Lang v. Bank of North Dakota*, 423 N.W.2d 501, 502 (N.D.1988). Here, the trial court did not have an opportunity to hold a hearing on the objection to the sufficiency of process before the judgment was appealed. *See* NDRCivP 12(d). Thus, there is ample reason to hold that Stedmans made their objections too late. Their objections were also too little.

■ Stedmans did not submit any facts to show falsity of the deputy's certificate that service was made at their dwelling house. A claim of insufficiency of process, unsupported by facts and documentation, is not enough to upset a judgment. *Production Credit Association v. Obrigewitch*, 443 N.W.2d 923, 924 (N.D.1989); *Federal Land Bank of Saint Paul v. Brakke*, 447 N.W.2d 329 (N.D.1989). Stedmans' arguments about insufficiency of service of process are inadequate.

■ Stedmans also argued that the "Promulgated Rule [for dwelling house service] ... violated the mandates of the Constitutions," citing the due process clauses of the United States Constitution and the North Dakota Constitution. It is well settled that a statute or rule authorizing dwelling house service of process comports with due process. 62 Am.Jur.2d *Process*, § 99 (1972). This argument is also without merit.

We conclude that service of process was sufficient for entry of the default judgment evicting Stedmans.

## WRIT OF ASSISTANCE

■ Stedmans argued that the particularized writ of assistance issued by the trial court directing the Sheriff to enforce the eviction judgment was unconstitutional. Stedmans cited only the Fourth Amendment to the United States Constitution prohibiting unreasonable searches and seizures except upon warrants issued by a judge and based upon probable cause. Stedmans have confused this particularized and specific writ of assistance for possession of the farm (*see* 6 Am.Jur.2d *Assistance, Writs of*, §§ 2 and 3) with the generalized and unspecific writs of assistance which were used for searches in colonial days and which were outlawed by the Fourth Amendment (*see Stanford v. Texas*, 379 U.S. 476, 481, 85 S.Ct. 506, 509–10, 13 L.Ed.2d 431 (1965)). This argument is without merit.

## HOMESTEAD

■ Citing *Dieter v. Fraine*, 20 N.D. 484, 128 N.W. 684 (1910), Stedmans argued that NDCC 47–18–04(2), authorizing forced sale of a homestead for a mortgage debt, is unconstitutional under Section 22 of Article XI of the North Dakota Constitution. That constitutional section calls for "wholesome laws ... exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law;...." We have already rejected the argument that this section of the North Dakota Constitution forbids foreclosure sale of a mortgaged homestead. *Federal Land Bank of Saint Paul v. Gefroh*, 418 N.W.2d 602 (N.D.1988). *Dieter v. Fraine* does not change our minds.

We did not discuss *Dieter v. Fraine*, *supra*, in deciding *Gefroh*. *Dieter* involved an execution levy for a money judgment upon a creditor's claim for services rendered to an absent husband. The *Dieter* decision held that "[a]n execution for the enforcement of a judgment obtained upon a debt *not within the classes enumerated* [in the predecessor to NDCC 47–18–04] may be levied upon the homestead only in case it appears after due application to the

court and an appraisement had that the property claimed as a homestead exceeds in value the amount of the homestead exemption." (Our emphasis). 128 N.W. at 686. The *Dieter* holding is correct but it did not involve a mortgage foreclosure. Thus, *Dieter v. Fraine* does not affect our holding in *Gefroh*. We adhere to our *Gefroh* decision that the North Dakota Constitution does not prohibit the enforcement of a mortgage against a homestead.

## MARKETABLE RECORD TITLE

Stedmans argued that NDCC 47–19.1–01 of the Marketable Record Title Act prevented eviction because the farm had "belonged to the Gary Stedman family since 1920," more than 20 years. But, Stedmans' "chain of title" has not been "unbroken" in the last 20 years. Their chain of title was interrupted by the mortgage which they gave to the Federal Land Bank and which the Bank foreclosed by a judgment. Stedmans did not appeal that foreclosure judgment and we cannot review that judgment now. Stedman's reliance on NDCC 47–19.1–01 was misplaced.

We affirm the judgment of eviction.

ERICKSTAD, C.J., VANDE WALLE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

GIERKE, J., deemed himself disqualified subsequent to oral argument and did not participate in this decision.