462 N.W.2d 453 (1990)
The STATE of North Dakota, ex rel. BOARD OF UNIVERSITY AND SCHOOL LANDS, Plaintiff and Appellee,
v.
Willard BLADOW, Defendant and Appellant.
Civ. No. 900185.
Supreme Court of North Dakota.
October 31, 1990.
*454 Charles M. Carvell, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.
Willard Bladow, Hankinson, pro se.
ERICKSTAD, Chief Justice.
Willard Bladow appeals from the judgment of the county court for Richland County dated April 9, 1990, compelling him to remove himself from the E½ of the NW¼ of Section 19, T 131N, R49W, Richland County, North Dakota. We affirm.
In 1984, the State acquired the E½ of the NW¼ of Section 19, Township 131 North, Range 49 West, Richland County, and other lands, through foreclosure of a mortgage given to the State. In 1985 and 1986, the State leased the land to Bladow pursuant to two one-year leases. In 1987, the State entered into a three-year lease with Bladow which was to expire on December 31, 1989. Bladow paid the annual cash rental during the first two years of the three-year lease, but failed to pay the third-year rental.
The State personally served Bladow with a notice of intention to evict on February 28, 1990, pursuant to Chapter 33-06, N.D. C.C. The State's complaint, as well as its summons and notice of trial, were personally served on Bladow on March 9, 1990. The summons and notice of trial indicated that trial had been set for March 19, 1990. The original judge assigned to the case recused himself, and a second judge was thereafter assigned to handle the matter. As a result of the change in judges, the trial was rescheduled for March 29, 1990. Trial of the matter was held as rescheduled. The county court ruled from the bench, ordering Bladow to leave the premises by April 21, 1990. Bladow remained *455 on the property at the time of this appeal. Additional facts relevant to Bladow's individual contentions will be presented within this opinion.

I.
Bladow's first contention is that the trial court erred in ordering that he be removed from the property in question because he has claimed the land as his homestead.[1] Bladow claims that the "homestead" property was exempt from foreclosure and eviction pursuant to Section 22 of Article XI of the North Dakota Constitution and NDCC 47-18-01, as well as in accordance with our decision in Dieter v. Fraine, 20 N.D. 484, 128 N.W. 684 (1910).
Section 47-18-04 of the North Dakota Century Code provides:
"When homestead subject to execution. A homestead is subject to execution or forced sale in satisfaction of judgments obtained in the following cases:
1. On debts secured by mechanics' or laborers' liens for work or labor done or performed or material furnished exclusively for the improvement of the same.
2. On debts secured by mortgage on the premises executed and acknowledged by both husband and wife, or an unmarried claimant.
3. On debts created for the purchase thereof and for all taxes accruing and levied thereon.
4. On all other debts when, upon an appraisal as provided by section 47-18-06, it appears that the value of said homestead is more than eighty thousand dollars over and above liens or encumbrances thereon, and then only to the extent of any value in excess of the sum total of such liens and encumbrances plus said eighty thousand dollars." (Emphasis added.)
We have previously held that the mortgaging and forced sale of a homestead is not unconstitutional. Podoll v. Brady, 423 N.W.2d 151 (N.D.1988). We have specifically held that N.D.C.C. 47-18-04 does not violate Section 22 of Article XI of the North Dakota Constitution. Federal Land Bank of Saint Paul v. Gefroh, 418 N.W.2d 602 (N.D.1988). We have also previously discussed Dieter, relied upon by Bladow, noting the following:
"Dieter involved an execution levy for a money judgment upon a creditor's claim for services rendered to an absent husband. The Dieter decision held that "[a]n execution for the enforcement of a judgment obtained upon a debt not within the classes enumerated [in the predecessor to NDCC 47-18-04] may be levied upon the homestead only in case it appears after due application to the court and an appraisement had that the property claimed as a homestead exceeds in value the amount of the homestead exemption.' (Our emphasis). 128 N.W. at 686. The Dieter holding is correct but it did not involve a mortgage foreclosure. Thus, Dieter v. Fraine does not affect our holding in Gefroh. We adhere to our Gefroh decision that the North Dakota Constitution does not prohibit the enforcement of a mortgage against a homestead."
Farm Credit Bank of St. Paul v. Stedman, 449 N.W.2d 562, 565 (N.D.1989). Therefore, Bladow's first contention is without merit.[2]

II.
Bladow's second and third contentions follow:

*456 "II. Judge Lowell Tjon erred when he determined the Board of University and School Lands should have possession when they refused to accept payment and the Complaint was in error when it described a non-existent lease between State Land Department and Appellant Willard Bladow.
"III. Judge Lowell Tjon erred when he determined that the State Land Department had title to the property."
Bladow does not offer any separate support for contention number two. However, it appears he has included his support for contention number two within his discussion of contention number three. Therefore, we will discuss these two contentions together.
Bladow asserts the eviction was improper because he tendered payment for his lease obligation on April 14, 1989. On April 24, 1989, the State notified Bladow that it was returning his check for $1,500.00, apparently because he did not include with it a promissory note in an amount of $1,738.82 as his balance of the 1989 rent. Whether or not this act properly discharged Bladow from his 1989 rent obligation is not relevant. The lease between Bladow and the State expired on December 31, 1989. The State does not seek to recover the rent which accrued during 1989. The State merely seeks to evict Bladow as a holdover tenant from property which he has neither title to nor a leasehold interest in.
Bladow further asserts that a lease between the State and himself does not exist, although he claims to have always been on time with his payments. The State does not seek to enforce the lease so this argument is not relevant. Bladow lost title to the property in the 1984 foreclosure from which judgment he took no appeal. The State now owns the property and would like Bladow removed. As the lease expired at the end of 1989, Bladow has no right to be in possession of the property under the lease.
Bladow claims title to the property pursuant to N.D.C.C. 47-19.1-01 of the Marketable Record Title Act.[3] Although we have dismissed the application of the Marketable Record Title Act under similar circumstances before, we will discuss it briefly again. See, Stedman, 449 N.W.2d at 566. Bladow claims N.D.C.C. 47-19.1-01 of the Marketable Record Title Act should prevent an eviction because the farm had been in his family's possession for at least 20 years. Unfortunately for Bladow, as in Stedman, his chain of title has not remained unbroken for the past 20 years. The chain of title was interrupted by the mortgage which was placed upon the property and was subsequently foreclosed in 1984. Bladow did not appeal from the judgment of foreclosure and we cannot review that judgment now. Bladow's reliance on N.D.C.C. 47-19.1-01 is misplaced. Id.

III.
Bladow's fourth contention is that he was denied timely notice of the eviction proceedings and as a result was not left with an appropriate amount of time to file an answer. Bladow mistakenly bases his claim upon N.D.R.Civ.P. 4(c) which requires the complaint to be either delivered with the summons or filed with the court within twenty days of service of the summons. He admits simultaneous service of the summons and complaint on March 7, 1990. He did not serve an answer until April 29, 1990. As it appears that his argument may have been raised under N.D.R.Civ.P. 12(a) which allows for 20 days *457 to answer a complaint, we will consider his contention that he had not been left with the appropriate amount of time in which to file an answer.
On February 28, 1990, Bladow was personally served with the State's notice of intention to evict. When Bladow failed to remove himself from the property, the State initiated these proceedings pursuant to Chapter 33-06, N.D.C.C. On March 9, 1990, a summons, notice of trial, and complaint were personally served on Bladow. The summons and notice of trial stated that trial was set for March 19, 1990. A second summons and notice of trial was served on Bladow on March 24, 1990, after the case had been rescheduled for March 29, 1990, because of a reassignment of judges.
We have previously held that the eviction procedures in Chapter 33-06, N.D.C.C., call for expedited eviction procedures which are exempt from N.D.R.Civ.P. 12(a). Flex Credit, Inc. v. Winkowitsch, 428 N.W.2d 236 (N.D.1988). In Winkowitsch, we noted the following:
"Section 33-06-02, N.D.C.C., provides that `[i]n any action for eviction the time specified in the summons for the appearance of the defendant may not be less than three nor more than fifteen days from the date on which it is issued.'"
Id. at 239. Bladow claims to have had "only ten (10) days to prepare an Answer." Because Bladow admits to having ten days to prepare an answer, an amount of time which falls within the minimum and maximum prescribed by statute, we conclude Bladow was afforded an adequate opportunity to respond.
Bladow further contends that he was not afforded an opportunity to demand a change of judge. He admits to having been informed that Judge Lewis had recused himself from the matter and that Judge Tjon was assigned to handle the case. Bladow gives no reason why N.D. C.C. §§ 27-07.1-23 and 29-15-21 could not have been employed.[4] We are not convinced Bladow was denied the opportunity to demand a change of judge.

IV.
Bladow's final contention is that "Judge Lowell Tjon did not have the elected authority to act as the Richland County Judge in this case." Judge Tjon serves Ransom and Sargent counties. These counties are a part of the Southeast Judicial District which is currently comprised of Barnes, Dickey, Eddy, Foster, LaMoure, Ransom, Richland, Sargent and Stutsman counties. Pursuant to N.D.C.C. 27-07.1-17, Judge Tjon may be assigned cases by the presiding district judge of the judicial district in which the counties in which he serves are located.[5]See also, Graber v. Rolette City Council, 388 N.W.2d 852 (N.D.1986); N.D.Sup.Ct. AR 2(8). Bladow's assertion that Judge Tjon lacked the *458 "elected authority" to hear this case is therefore meritless.
We also note that Bladow attacks Judge Tjon's authority by citing 28 U.S.C. § 455(a), (b). This provision deals with the disqualification and recusal of federal judges and is therefore not relevant to the case at hand.

V.
The State asserts Bladow's claims are frivolous and seeks to impose costs and attorney's fees on appeal under Rule 38, N.D.R.App.P. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." Vogel v. Pardon, 444 N.W.2d 348, 353 (N.D. 1989) (citing Mitchell v. Preusse, 358 N.W.2d 511, 514 (N.D.1984). We do not find all of Bladow's assertions to be so devoid of merit as to warrant Rule 38 sanctions.
The judgment is affirmed.
GIERKE and MESCHKE, JJ., concur.
LEVINE, Justice, concurring and dissenting.
I concur in all but part V of the majority opinion. I have no objection to redrafting Rule 38, North Dakota Rules of Appellate Procedure, to exclude pro se appellants from the reach of the amended rule. Until we do, I cannot ignore the fact that this appeal is flagrantly groundless and devoid of merit. I would award double costs. See Martinson v. Raugutt, 372 N.W.2d 895, 897 (N.D.1985).
VANDE WALLE, J., concurs.
NOTES
[1] Although we have addressed the merits of Bladow's attack on the 1984 foreclosure, this decision should not be viewed as a departure from our previous decisions preventing unlawful collateral attacks on prior judgments. See, e.g., Guthmiller v. North Dakota Dept. of Human Services, 421 N.W.2d 469, 473 (N.D.1988). Nor should this opinion be viewed as a departure from the requirement that a claim of homestead be supported by some estate in the land. See, e.g., Myrick v. Bill, 3 Dak. 284, 17 N.W. 268 (1883). Bladow lost title to the land in the 1984 foreclosure action. Any claim under the lease would have expired with the lease on December 31, 1989.
[2] Bladow's first argument also fails because it is an unlawful collateral attack, and because he does not have an estate upon which he can claim a homestead right. See, supra, note 1.
[3] Section 47-19.1-01, N.D.C.C., reads as follows:

"What constitutes marketable title.Any person having the legal capacity to own real estate in this state, who has an unbroken chain of title to any interest in real estate by himself and his immediate or remote grantors under a deed of conveyance which has been recorded for a period of twenty years or longer, and is in possession of such real estate, shall be deemed to have a marketable record title to such interest, subject only to such claims thereto and defects of title as are not extinguished or barred by the application of the provisions of this chapter, instruments which have been recorded less than twenty years, and any encumbrances of record not barred by the statute of limitations."
[4] Section 27-07.1-23, N.D.C.C., reads as follows:

"Demand for change of judge. Any party to a civil or criminal action or proceeding pending in any county court may obtain a change of judge pursuant to the provisions of section 29-15-21, except that either a district judge or a county judge may be appointed to act in place of the disqualified judge."
Section 29-15-21, N.D.C.C., reads as follows:
"1. Subject to the provisions of this section, any party to a civil or criminal action or proceeding pending in the district court or any county court in this state may obtain a change of the judge before whom the trial or any proceeding with respect thereto is to be heard ...."
[5] Section 27-07.1-17, N.D.C.C., reads as follows:

"Jurisdiction of county courts. A county court of any county of this state shall have jurisdiction in the following types of cases:
1. Civil cases with not more than ten thousand dollars in controversy. The jurisdiction of the county court extends to the following actions:
* * * * * *
d. An action for eviction from real property irrespective of value when the amount demanded therein for rents and profits or damages does not exceed ten thousand dollars.
* * * * * *
9. Any other cases as assigned by the presiding district judge of the judicial district in which the county is located; provided,...."
North Dakota Supreme Court Administrative Rule 2(8) reads as follows:
"8. Whenever a judge of the judicial district determines, for any reason, that it is inappropriate to preside in an assigned case, the judge shall refer the case to the presiding judge for reassignment."