**LAKE REGION CREDIT UNION,**
**Plaintiff and Appellee,**

v.

**CRYSTAL PURE WATER, INC.; Russell L. Gilliss, Sr.; Bruce D. Gilliss; Renae A. Gilliss; Community Credit Union of New Rockford; County of Eddy, ND, a corporation; CBC Credit Services of ND, Inc., d/b/a Credit Bureau of Devils Lake; and all persons unknown, claiming any estate or interest in or lien or encumbrance upon the real estate described in the Complaint, Defendants,**

**Franzella M. Gilliss, Defendant and Appellant.**

**Civ. No. 920276.**

Supreme Court of North Dakota.

July 1, 1993.

Michael E. Juntunen (argued), of Hamilton, Juntunen & Cilz, Grand Forks, for plaintiff and appellee.

Franzella M. Gilliss, pro se.

LEVINE, Justice.

Franzella Gilliss appeals from a district court judgment foreclosing mortgages on real property, foreclosing security interests, and enforcing personal guaranties. We affirm.

Crystal Pure Water [Crystal] is a closely held corporation which bottles spring water and distilled water. Crystal is owned by Russell Gilliss, Sr., Franzella Gilliss, Bruce Gilliss, and Renae Gilliss. The corporation's bottling plant is located on a .9 acre tract of land, referred to as the one-acre tract, in Eddy County. The wells and springs are located on a surrounding 50.63 acre tract, referred to as the fifty-acre tract. Since 1984, title to the one-acre tract has been held by the corporation. Russell and Franzella Gilliss resided on and held title to the fifty-acre tract.

The corporation and the Gillisses encountered financial difficulties, and in 1987 the First State Bank of New Rockford sued to foreclose a mortgage on the fifty-acre tract. A sheriff's sale was held on July 30, 1987.

The Gillisses contacted Lake Region Credit Union [hereafter Credit Union] seeking to refinance their operation. The Credit Union agreed to loan $125,000 to Crystal to purchase the sheriff's certificate from First State Bank, pay off other outstanding debts and judgments, and pay insurance and taxes. The Credit Union took real estate mortgages against both tracts and received security interests in all of the corporation's personal property, including a water permit. The Gillisses each personally guarantied the corporate debt.

The parties agreed that, upon the refinancing, title to both tracts of land would be held by the corporation. The sheriff's certificate was purchased in the Credit Union's name, and it received a sheriff's deed when the period for redemption expired. The Credit Union then executed and tendered a quit claim deed of the fifty-acre tract to Crystal. The Gillisses apparently refused to accept the deed executed to the corporation, desiring to hold the fifty-acre tract individually.

The corporation defaulted on the loan, and the Credit Union brought this action to foreclose its mortgages and security interests, and to recover on the personal guaranties. Bruce and Renae Gilliss settled with the Credit Union before trial. The matter was tried to the court. Judgment was entered in favor of the Credit Union foreclosing its mortgages and security agreements, and against the Gillisses on their personal guaranties. The court also appointed a trustee to protect the property. Franzella Gillis appealed.

Our review of many of the issues in this appeal has been hampered by Franzella's failure to provide a transcript of the proceedings. Many of her arguments are premised upon factual assertions that are contrary to the trial court's findings of fact.

■ Rule 10(b), N.D.R.App.P., requires the appellant to furnish a transcript of the proceedings. *Rosendahl v. Rosendahl*, 470 N.W.2d 230, 231 (N.D.1991). The appellant assumes the consequences and the risk for failure to file a complete transcript. *Sabot v. Fargo Women's Health Organization, Inc.*, 500 N.W.2d 889, 892 (N.D.1993); *Lithun v. DuPaul*, 447 N.W.2d 297, 300 (N.D.1989). If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue. *Sabot, supra,* 500 N.W.2d at 892; *Lithun, supra,* 447 N.W.2d at 300. This rule applies with equal force when a party is acting pro se. *Rosendahl, supra,* 470 N.W.2d at 231.

■ Franzella must suffer the consequences and the risks of her failure to file a transcript. We therefore decline to review those issues that are based upon factual assertions inconsistent with the trial court's findings of fact.

Franzella asserts that the trial court erred when it ordered a sheriff's sale of the fifty-acre tract, which she claimed as her homestead. Franzella is wrong for two distinct reasons.

■ A claim of homestead must be supported by some estate in the land. *State ex rel. Board of University and School Lands v. Bladow*, 462 N.W.2d 453, 455 n. 1 (N.D.1990); *Myrick v. Bill*, 3 Dak. 284, 17 N.W. 268, 271 (1883). Franzella lost all right, title, and interest in the fifty-acre tract in 1988, when the redemption period expired in the prior foreclosure action. Her failure to redeem the property extinguished any homestead rights she may have had in the fifty-acre tract.

■ In addition, Franzella's assertion that a homestead is not subject to a sheriff's sale in a foreclosure action is contrary to the well-established law in this state. Franzella relies upon Article XI, Section 22 of the North Dakota Constitution, which provides:

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law; and a reasonable amount of personal property; the kind and value shall be fixed by law. This section shall not be construed to prevent liens against the homestead for labor done and materials furnished in the improvement thereof, in such manner as may be prescribed by law."

We have consistently held that forced sale of a homestead for a mortgage debt, in accordance with Section 47–18–04(2), N.D.C.C., does not violate Article XI, Section 22. *E.g., Bladow, supra,* 462 N.W.2d at 455; *Farm Credit Bank of St. Paul v. Stedman*, 449 N.W.2d 562, 565 (N.D.1989); *Podoll v. Brady*, 423 N.W.2d 151, 153 (N.D.1988); *Federal Land Bank of Saint Paul v. Gefroh*, 418 N.W.2d 602, 604–605

(N.D.1988). As we stated in *Gefroh, supra,* 418 N.W.2d at 605 (citations omitted):

"The problems which would ensue from making the mortgaging of a homestead unconstitutional are nightmarish. The principal property held by most people is their home. The financing of a home would become an impossibility for many, as would the accessibility of collateral for financial help in times of need. Selling a home would become difficult. We find it easy to reject the construction Gefroh urges when we visualize the havoc it would effect. We will not construe the constitution so as to bring about an absurd result.... The legislature has provided for a broad exemption of a homestead from judgment liens and forced sales for other unsecured indebtedness, while allowing each family to use the homestead as necessary by mortgaging it. NDCC Ch. 47–18.

"We conclude that North Dakota Constitution Article XI, § 22 does not preclude a 'wholesome law' like NDCC 47–18–04 permitting the enforcement of a mortgage on a homestead...."

We conclude that the sale of the fifty-acre tract did not violate any asserted homestead rights of Franzella.[1]

■ Franzella asserts that the trial court erred in granting foreclosure of the Credit Union's security interest in "an absolute and perfected state water permit." Franzella has not cited any cases, authorities, or supportive reasoning for her assertion. Although her argument on this issue is somewhat confusing, we presume that she means to assert that a perfected water permit is not a property right subject to a security interest under the Uniform Commercial Code, as codified at Title 41, N.D.C.C.

Section 41–09–02(1)(a), N.D.C.C. [U.C.C. § 9–102], provides that a security interest may be created in personal property, including "general intangibles." Section 41– 09–06, N.D.C.C. [U.C.C. § 9–106], defines "general intangibles":

" 'General intangibles' means any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, and money."

Although we have not found any case addressing whether a state water permit falls within the U.C.C. definition of general intangibles, other courts have held that similar permits and licenses issued by governmental authorities do constitute general intangibles subject to a security interest. *See, e.g., Freightliner Market Development Corp. v. Silver Wheel Freightlines, Inc.,* 823 F.2d 362, 369–370 (9th Cir.1987) (transportation operating authorities issued to a motor carrier); *First Pennsylvania Bank, N.A. v. Wildwood Clam Co.,* 535 F.Supp. 266, 268–269 (E.D.Pa.1982) (state clamming license); *In re Ridgely Communications, Inc.,* 139 B.R. 374, 376–379 (Bankr.D.Md.1992) (FCC radio broadcast licenses); *In re Cleveland Freight Lines, Inc.,* 14 B.R. 777, 780 (Bankr.N.D.Ohio 1981) (state certificates of public convenience and necessity).

It is also generally held that, absent a specific prohibition in the state liquor laws, a liquor license or permit is a general intangible subject to a security interest under the U.C.C. *See, e.g., Federal Savings and Loan Insurance Corp. v. Morque,* 372 N.W.2d 872, 875 n. 6 (N.D.1985); *In re O'Neill's Shannon Village,* 750 F.2d 679, 682–683 (8th Cir.1984) (applying South Dakota law); *Bogus v. American National Bank of Cheyenne,* 401 F.2d 458, 460–461 (10th Cir.1968) (applying Wyoming law); *Queen of the North, Inc. v. LeGrue,* 582 P.2d 144, 148–149 (Alaska 1978); *Tomb v. Lavalle,* 298 Pa.Super. 75, 444 A.2d 666, 667–668 (1981); *Rushmore State Bank v. Kurylas, Inc.,* 424 N.W.2d 649, 655 (S.D. 1988); 68A Am.Jur.2d *Secured Transactions* § 113 (1993); Annot., *Security Inter-*

---

**1.** Franzella has attempted to raise issues regarding Russell's homestead rights in the property. Because Russell has not appealed, we are unable to address those issues. We note, however, that our conclusion that Franzella's homestead rights were extinguished through the prior foreclosure action, and that enforcement of the mortgage does not violate the constitution, would apply equally to Russell's homestead rights.

*ests in Liquor Licenses,* 56 A.L.R.4th 1131 (1987), and cases cited therein.

The provisions governing issuance, retention, and transferability of a state water permit are generally similar to those governing liquor licenses and other government-issued licenses and permits. *See* Chapter 61–04, N.D.C.C. There are specific criteria for issuance of a permit [Section 61–04–06, N.D.C.C.], procedures for revocation of a permit [Sections 61–04–23, –24, and –25, N.D.C.C.], and provisions for assignment or transfer of a permit [Section 61–04–15, N.D.C.C.]. We find no specific prohibition in Chapter 61–04 against creation of a security interest in a water permit. We conclude that a water permit is a general intangible under Section 41–09–06, N.D.C.C., and may be the subject of a valid security interest.

■ The Credit Union seeks sanctions against Franzella for her failure to comply with the provisions of Rule 30, N.D.R.App. P., regarding preparation of the appendix. The Credit Union asserts that Franzella included inappropriate materials in the appendix, including items not found in the record below, and that she failed to provide notice and an opportunity to designate parts of the record to be included in the appendix. The Credit Union was therefore required to prepare and file its own separate appendix.

Rule 13, N.D.R.App.P., provides:

"The supreme court may take any appropriate action against any person failing to perform an act required by the rules or required by court order."

In addition, Rule 3(a), N.D.R.App.P., provides:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal."

The determination whether to administer sanctions for noncompliance with the Rules of Appellate Procedure rests wholly within the discretion of this court. *Bye v. Federal Land Bank Association of Grand Forks,* 422 N.W.2d 397, 399 (N.D.1988); *In re Estate of Raketti,* 340 N.W.2d 894, 897 (N.D. 1983); *Kastrow v. Kastrow,* 310 N.W.2d 573, 574 (N.D.1981). In order to encourage respect for and compliance with the appellate rules, we have in the past assessed costs for failure to comply with the rules governing preparation of the appendix on appeal. *See, e.g., Bye v. Federal Land Bank Association of Grand Forks, supra,* 422 N.W.2d at 399; *In re Estate of Raketti, supra,* 340 N.W.2d at 898. We assess costs of $100 against Franzella for her failure to comply with our clearly stated rule, and to compensate the Credit Union for its costs in preparing a separate appendix.

The remaining issues raised by Franzella are either unreviewable because of the lack of a transcript, or are otherwise without merit. The judgment is affirmed.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and MAURICE R. HUNKE, District Judge, concur.

MAURICE R. HUNKE, District Judge, sitting in place of SANDSTROM, J., disqualified.